UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAFECO INSURANCE COMPANY OF AMERICA**<br>Safeco Plaza<br>Seattle, WA 98185 | : <br> : <br> : <br> : | |
| **Plaintiff,** | : <br> : | |
| v. | : <br> : | NO. |
| **JOACQUIM DEMATOS**<br>2287 Black River Road<br>Bethlehem, PA 18015 | : <br> : <br> : <br> : | |
| **DONNA DEMATOS**<br>2287 Black River Road<br>Bethlehem, PA 18015 | : <br> : <br> : <br> : | |
| **MARIA DEMATOS**<br>2291 Black River Road<br>Bethlehem, PA 18015 | : <br> : <br> : <br> : | |
| **Defendants.** | : | |

**COMPLAINT**

**I. THE PARTIES**

1. The Plaintiff, Safeco Insurance Company of America (hereafter "Plaintiff" or "Safeco"), is a surety bonding company incorporated in the State of Washington, having it principal place of business located at Safeco Plaza, Seattle, Washington, 98185.

2. Defendants, Joacquim DeMatos and Donna DeMatos are adult individuals, husband and wife, who reside at 2287 Black River Road, Bethlehem, Northampton County, Pennsylvania 18015.

3.  Defendant, Maria DeMatos is an adult individual who resides at 2291 Black River Drive, Bethlehem, Northampton County, Pennsylvania 18015; Maria DeMatos is the mother of Joacquim DeMatos.

## II.  SUBJECT MATTER JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over the claims alleged herein pursuant to the diversity-of-citizenship provisions of 28 U. S. C. Section 1332, in that Plaintiff is a citizen of the State of Washington, and all Defendants are citizens of the Commonwealth of Pennsylvania, and the amount in controversy is in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

5.  Venue is proper in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U. S. C. Section 1391, based upon the following: (a) all Defendants reside in that District; and (b) transactions and occurrences out of which Plaintiff's causes of action arose took place in that District.

## III.  SUBSTANTIVE CAUSES OF ACTION

6.  Plaintiff is a corporation registered, authorized, and licensed to conduct insurance business in the Commonwealth of Pennsylvania, including issuance of surety bonds.

7.  Plaintiff believes and avers that Defendants Joacquim DeMatos and Donna DeMatos were principals and owners of the common stock of a corporation known as DeMatos Enterprises, Inc.

8.  At all times material and relevant hereto, DeMatos Enterprises, Inc., was engaged in the construction business, performing work as a general contractor.

9.  During 1998, DeMatos Enterprises, Inc., by and through Joacquim DeMatos, requested that Safeco issue surety bonds to guarantee DeMatos Enterprises, Inc.'s performance

2

under contracts it had entered into for certain construction projects, and to guarantee payment of labor and material claims relating to those projects.

10. In order to induce Safeco to issue bonds relating to construction projects in which DeMatos Enterprises, Inc., was involved, the within Defendants executed and delivered to Safeco a General Agreement of Indemnity (hereafter the "Indemnity Agreement"). Attached hereto as Exhibit "A" and incorporated herein by reference is a true and correct copy of that Indemnity Agreement.

11. Pursuant to the Indemnity Agreement, the within Defendants agreed, among other things, to pay Safeco, upon demand, all losses, costs, fees, and expenses, including court costs and reasonable attorney's fees, incurred by Safeco by reason of having executed any bond or on account of any default under the Indemnity Agreement.

12. In reliance upon and in consideration of the Indemnity Agreement, Safeco and/or its affiliated companies issued payment and performance bonds on behalf of and/or for the benefit of DeMatos Enterprises, Inc., including Bond Numbers 5991536, 5991521, 6079741, 6079731, and 6079730, in connection with various construction projects or contracts awarded to DeMatos Enterprises, Inc., located in the Commonwealth of Pennsylvania.

13. Subsequent to issuance of the aforesaid Bonds, DeMatos Enterprises, Inc., committed numerous and various defaults under the contracts to which it was a party at the various construction projects for which each such Bond was issued.

14. As a direct and proximate result of the breach and default of DeMatos Enterprises, Inc., under its contracts for the aforesaid construction projects, Safeco and/or its affiliated companies have received and/or paid claims, and incurred expenses, on bonds it/they issued on behalf of DeMatos Enterprises, Inc., with those claims received being in excess of $645,000.00.

15. As a direct and proximate result of DeMatos Enterprises, Inc.'s breaches of and defaults under its contracts for the aforesaid construction projects, Defendants are in breach of and liable under the Indemnity Agreement.

16. Based on the foregoing, the within Defendants are jointly and severally liable to the within Plaintiff under the terms of the Indemnity Agreement for all losses and expenses incurred by Plaintiff under those Bonds, including Plaintiff's reasonable attorney's fees, costs and expenses.

WHEREFORE, Plaintiff, Safeco Insurance Company of America, demands entry of judgment in its favor and against Defendants, Joacquim DeMatos, Donna DeMatos, and Maria DeMatos, jointly and severally, for all payments Safeco has made, or is obligated to make in the future, under the performance and payment bonds previously referenced in this Complaint, and that judgment thereon be entered in favor of Plaintiff and against Defendants for the full amount thereof, which Plaintiff believes is in excess of $645,000.00, plus interest, attorney's fees, costs, and expenses, including costs of suit.

LAW OFFICES OF KEVIN T. FOGERTY

By: _____
    Kevin T. Fogerty, Esquire
    Attorneys for Plaintiff,
    Safeco Insurance Company of America

Mill Run Office Center
1275 Glenlivet Drive, Suite 150
Allentown, PA 18106
610-366-0950
Attorney I.D. No. 36667

DATED: May 14, 2002

Of Counsel:

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD P.A.
Attorneys for Plaintiff,
Safeco Insurance Company of America


By:_____
     Michael S. Meisel, Esquire