UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAFECO INSURANCE COMPANY OF AMERICA**<br>Safeco Plaza<br>Seattle, WA 98185 | : : : : : | |
| **Plaintiff,** | : : : | |
| v. | : : | CIVIL ACTION<br>No. 02-CV-2899 (BWK) |
| **DEMATOS ENTERPRISES, INC.**<br>c/o Joacquim DeMatos<br>3252 Regal Road<br>Bethlehem, PA 18020 | : : : : : | |
| **JOACQUIM DEMATOS**<br>3252 Regal Road<br>Bethlehem, PA 18020 | : : : : | |
| **DONNA DEMATOS**<br>3252 Regal Road<br>Bethlehem, PA 18020 | : : : : | |
| **MARIA DEMATOS**<br>2291 Black River Road<br>Bethlehem, PA 18015 | : : : : | |
| **ELIZABETH DEMATOS GRYS**<br>2291 Black River Road<br>Bethlehem, PA 18015 | : : : : | |
| **CHRISTOPHER PAUL GRYS**<br>2291 Black River Road<br>Bethlehem, PA 18015 | : : : : | |
| **Defendants.** | : | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I. THE PARTIES**

1. The Plaintiff, Safeco Insurance Company of America (hereinafter "Plaintiff" or "Safeco"), is a surety bonding company incorporated in the State of Washington, having its principal place of business located at Safeco Plaza, Seattle, Washington, 98185.

2. Defendants, Joacquim DeMatos and Donna DeMatos are adult individuals, husband and wife, who reside at 3252 Regal Road, Bethlehem, Northampton County, Pennsylvania 18020.

3. Defendant, Maria DeMatos, is an adult individual who resides at 2291 Black River Drive, Bethlehem, Northampton County, Pennsylvania 18015; Maria DeMatos is the mother of Joacquim DeMatos.

4. Defendant, Elizabeth DeMatos Grys ("Elizabeth Grys"), is an adult individual who resides at 2291 Black River Drive, Bethlehem, Northampton County, Pennsylvania 18015; Elizabeth Grys is the daughter of Maria DeMatos.

5. Defendant, Christopher Paul Grys ("Christopher Grys") is an adult individual who resides at 2291 Black River Drive, Bethlehem, Northampton County, Pennsylvania 18015; Christopher Grys is the husband of Elizabeth Grys and the son-in-law of Maria DeMatos.

6. At all times material and relevant hereto, Defendant DeMatos Enterprises, Inc., was a Pennsylvania corporation engaged in the construction business, performing work as a general contractor, being amenable to service of process at c/o Joacquim DeMatos, 3252 Regal Road, Bethlehem, Northampton County, Pennsylvania 18020.

## II. SUBJECT MATTER JURISDICTION AND VENUE

2

7. This Court has subject matter jurisdiction over the claims alleged herein pursuant to the diversity-of-citizenship provisions of 28 U. S. C. Section 1332, in that Plaintiff is a citizen of the State of Washington, and all Defendants are citizens of the Commonwealth of Pennsylvania, and the amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand ($75,000.00) Dollars.

8. Venue is proper in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U. S. C. Section 1391, based upon the following: (a) all Defendants reside in that District; and (b) transactions and occurrences out of which Plaintiff's causes of action arose took place in that District.

### III. SUBSTANTIVE CAUSES OF ACTION

### COUNT I - BREACH OF INDEMNITY AGREEMENT

9. Plaintiff is a corporation registered, authorized, and licensed to conduct insurance business in the Commonwealth of Pennsylvania, including issuance of surety bonds.

10. Plaintiff believes and avers that, at all relevant times, Defendants Joacquim DeMatos and Donna DeMatos are and have been the principals and owners of the common stock of DeMatos Enterprises, Inc.

11. During 1998, DeMatos Enterprises, Inc., by and through Joacquim DeMatos, requested that Safeco issue Surety Bonds to guarantee DeMatos Enterprises, Inc.'s performance under contracts it had entered into for certain construction projects, and to guarantee payment of labor and material claims relating to those projects.

12. In order to induce Safeco to issue Bonds relating to construction projects in which DeMatos Enterprises, Inc., was involved, Defendants Joacquim, Donna and Maria DeMatos (all of three of whom, along with DeMatos Enterprises, Inc., are referred to herein as the "DeMatos

3

Indemnitors") executed and delivered to Safeco a General Agreement of Indemnity (hereafter the "Indemnity Agreement"). Attached hereto as Exhibit "A" and incorporated herein by reference is a true and correct copy of that Indemnity Agreement.

13. Pursuant to the Indemnity Agreement, the DeMatos Indemnitors agreed, among other things, to pay Safeco, upon demand, all losses, costs, fees, and expenses, including court costs and reasonable attorney's fees, incurred by Safeco by reason of having executed any Bond, and on account of any default under the Indemnity Agreement.

14. In reliance upon and in consideration of the Indemnity Agreement, Safeco and/or its affiliated companies issued Payment and Performance Bonds on behalf of and/or for the benefit of DeMatos Enterprises, Inc., including Bond Numbers 5991536, 5991521, 6079741, 6079731, and 6079730, in connection with various construction projects or contracts awarded to DeMatos Enterprises, Inc., located in the Commonwealth of Pennsylvania.

15. Subsequent to issuance of the aforesaid Bonds, DeMatos Enterprises, Inc. committed numerous and various defaults under the contracts to which it was a party at the various construction projects for which each such Bond was issued.

16. As a direct and proximate result of the breach and default by DeMatos Enterprises, Inc., under its contracts for the aforesaid construction projects, Safeco and/or its affiliated companies have received and/or paid claims, and incurred expenses, on bonds it/they issued on behalf of DeMatos Enterprises, Inc., with those claims received being in excess of $645,000.00.

17. As a direct and proximate result of DeMatos Enterprises, Inc.'s breaches of and defaults under its contracts for the aforesaid construction projects, the DeMatos Indemnitors are in breach of and liable under the Indemnity Agreement.

18. Based on the foregoing, the DeMatos Indemnitors are jointly and severally liable to

Safeco under the terms of the Indemnity Agreement, for all losses and expenses incurred by Plaintiff under Bonds issued by Safeco, including Plaintiff's reasonable attorney's fees, costs and expenses.

19. The Indemnity Agreement signed by the DeMatos Indemnitors, contains, <u>inter alia</u>, the following provisions:

-- Paragraph 4 under the General Provisions (page 3) provides that Safeco has the right to review said Defendants' books, records and accounts, and has the right to contact said Defendants' banks, to determine the amount of funds on deposit;

-- Paragraph 2 of the "Indemnity to Surety" section on the first page of the Indemnity Agreement, requires the DeMatos Indemnitors to pay over to Safeco, on demand from Safeco "an amount sufficient to discharge any claim made against [Safeco] on any Bond," and the amount demanded may "be held by Safeco as collateral security against loss on any Bond . . . ."

20. By letter dated July 8, 2002, Plaintiff has made demand on the DeMatos Indemnitors for the production of certain information and documents, and also for the establishment of an escrow account into which Defendants would pay and deliver monies presently held by them in bank accounts and other investments, as security for said Defendants' indemnification and hold-harmless obligations under the Indemnity Agreement.

21. Plaintiff believes and avers that Defendant Maria DeMatos has substantial monies available to post as collateral security, in light of the fact that slightly more than two months ago, on April 30, 2002, she sold a 23.8258 acre parcel of land, located in Lower Saucon Township, Northampton County, PA, to an individual named Tetiana Lohyn, for a purchase price of $430,000.00.

5

kc:kf\C:\staging\3E359C8E-1D02-089ABA\in\3E359C8E-1D02-089ABA.doc-07/08/02

22. In the event the DeMatos Indemnitors fail, neglect, and/or refuse to comply with Plaintiff's request made for documents, information, and the establishment and funding of an escrow account, as per the demand letter from Plaintiff's counsel, Plaintiff reserves the right to make claim in this litigation for said Defendants to be directed and ordered by this Court to provide said information and documents, and the establishment of the escrow account, whether by request for preliminary injunctive relief, final order, or otherwise.

WHEREFORE, Plaintiff, Safeco Insurance Company of America, demands entry of judgment in its favor and against Defendants, DeMatos Enterprises, Inc., Joacquim DeMatos, Donna DeMatos, and Maria DeMatos, jointly and severally, for all payments Safeco has made, or is obligated to make in the future, under the performance and payment bonds previously referenced in this Complaint, and that judgment thereon be entered in favor of Plaintiff and against the said DeMatos Indemnitors for the full amount thereof, which Plaintiff believes is in excess of $645,000.00, plus interest, attorney's fees, costs and expenses, including costs of suit; Plaintiff further requests that if Defendants, DeMatos Enterprises, Inc., Joacquim DeMatos, Donna DeMatos, and Maria DeMatos fail, neglect and/or refuse to provide the information and documents demanded in Plaintiff's counsel's July 5, 2002, letter, that this Court direct and compel said Defendants to provide that information and documents, and the establishment of the escrow account for collateral security for said Defendants' obligations under the Indemnity Agreement which they signed.

**COUNT II - VIOLATION OF PENNSYLVANIA**
**UNIFORM FRAUDULENT TRANSFER ACT, 12 PA. C. S. A. SECTION 5104 (a)(1)**

6

23. The allegations contained in Paragraphs 1 through 22 of this Amended Complaint are incorporated herein by reference as though the same were fully set forth at length.

24. On October 9, 2001, Maria DeMatos conveyed title in certain real property located at 2291 Black River Road, Bethlehem, Pennsylvania (the "Property") to her daughter, Elizabeth Grys, and son-in-law, Christopher Grys, for consideration of $130,000.00.

25. Plaintiff believes and avers that at the time of the aforesaid transfer of the Property from Defendant, Maria DeMatos to her daughter Elizabeth Grys and her son-in-law, Christopher Grys, that Property had a fair market value between $300,000.00 and $400,000.00.

26. Plaintiff believes and avers that at the time she conveyed the Property to Elizabeth and Christopher Grys, Maria DeMatos knew DeMatos Enterprises, Inc., was experiencing financial difficulties, could not pay its present and prospective debts, and that it was likely or possible that the company would, within a short time, file for protection under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

27. DeMatos Enterprises, Inc. did, in fact, file for protection under the Bankruptcy Code on February 19, 2002; however, Plaintiff alleges and avers that this bankruptcy proceeding has since been dismissed.

28. Plaintiff believes and avers that at the time of the conveyance of the Property, Maria DeMatos knew that DeMatos Enterprises, Inc. had fallen behind in its obligations to Safeco, and that Safeco would seek to enforce Maria DeMatos' personal guarantee of DeMatos Enterprises, Inc.'s obligations under the Indemnity Agreement.

29. Based on the forgoing, Plaintiff believes and avers that Defendant, Maria DeMatos transferred and conveyed the Property to Defendants, Elizabeth Grys and Christopher Grys, with

7

the actual purpose and intent of hindering, delaying and defrauding Safeco, which was a creditor of Maria DeMatos at the time of that transfer/conveyance.

30. As a direct and proximate result of the fraudulent transfer of the Property from Maria DeMatos to Elizabeth Grys and Christopher Grys, Safeco has suffered monetary damages and losses, in that Maria DeMatos now has less assets and property legally titled in her name than she had prior to that transfer, meaning there are now less assets available in Maria DeMatos' name for Safeco to pursue collection on Maria DeMatos' obligations under the Indemnification Agreement.

WHEREFORE, pursuant to 12 Pa. C. S. A. Sections 5104(a)(1), 5107 and 5108(b), Plaintiff, Safeco Insurance Company of America, demands entry of an Order of this Court, against Defendants, Maria DeMatos, Elizabeth DeMatos Grys and Christopher Paul Grys, granting the following relief:

(a) Entry of a monetary judgment in favor of Plaintiff, and against Defendants, Maria DeMatos, Elizabeth DeMatos Grys and Christopher Paul Grys, in an amount in excess of $200,000.00, representing the difference between (i) the value of the Property at the time it was conveyed from Maria DeMatos to Elizabeth DeMatos Grys and Christopher Paul Grys, and (ii) the $130,000.00 purchase price allegedly paid by Elizabeth DeMatos Grys and Christopher Paul Grys for that Property;

(b) Setting aside and avoidance of the fraudulent transfer of the Property, to the extent necessary to satisfy Plaintiff's claim against Defendant, Maria DeMatos;

(c) Attachment and levy against the Property, in favor of and for the benefit of Plaintiff, to secure the availability of that Property for satisfaction of the substantial obligation owed by Maria DeMatos to Plaintiff;

(d)  Impressing a constructive trust against the Property, to secure the availability of that Property for satisfaction of the substantial obligation owed by Maria DeMatos to Plaintiff;

(e)  Directing the issuance of an injunction against any further disposition of the Property by Defendants, Elizabeth DeMatos Grys and Christopher Paul Grys; and

(f)  Granting such other, and further relief as this Court deems necessary, just and/or appropriate under the circumstances, including but not limited to an award of interest, attorney's fees, and costs of this litigation.

### COUNT III - VIOLATION OF PENNSYLVANIA
### UNIFORM FRAUD AND TRANSFER ACT, 12 PA. C. S. A. SECTION 5105

31.  The allegations contained in Paragraphs 1 through 30 of this Amended Complaint are incorporated herein by reference as though the same were fully set forth at length.

32.  The within Plaintiff, Safeco, was a creditor of Defendant, Maria DeMatos, at the time she effected the transfer and conveyance of the Property to her daughter and son-in-law, Defendants Elizabeth Grys and Christopher Grys.

33.  The transfer and conveyance of the Property from Maria DeMatos to Elizabeth Grys and Christopher Grys, was made by Maria DeMatos without receiving a reasonably equivalent value and consideration in return/exchange for that Property being transferred, particularly since it is believed and averred that said Property had a fair market value between $300,000.00 and $400,000.00, and the consideration paid by Elizabeth Grys and Christopher Grys is believed and averred to have only been $130,000.00.

34.  Plaintiff believes and avers that Maria DeMatos was insolvent at the time she transferred/conveyed the Property to Elizabeth Grys and Christopher Grys, and/or she became

9

insolvent as a result of that conveyance, in that at the time of that conveyance the fair market value of the remaining assets owned by Maria DeMatos was less than Maria DeMatos' debts/obligations, particularly including the substantial indemnification obligation owed by Maria DeMatos to Safeco, and in addition, at the time of the transfer/conveyance of the Property, Maria DeMatos knew the remaining assets owned by her would be inadequate to provide security to Safeco, and to satisfy all of her obligations to Safeco under the Indemnity Agreement she had previously signed.

WHEREFORE, pursuant to 12 Pa. C. S. A. Sections 5105(a)(1), 5107 and 5108(b), Plaintiff, Safeco Insurance Company of America, demands entry of an Order of this Court, against Defendants, Maria DeMatos, Elizabeth DeMatos Grys and Christopher Paul Grys, granting the following relief:

(a)   Entry of a monetary judgment in favor of Plaintiff, and against Defendants, Maria DeMatos, Elizabeth DeMatos Grys and Christopher Paul Grys, in an amount in excess of $200,000.00, representing the difference between (i) the value of the Property at the time it was conveyed from Maria DeMatos to Elizabeth DeMatos Grys and Christopher Paul Grys, and (ii) the $130,000.00 purchase price allegedly paid by Elizabeth DeMatos Grys and Christopher Paul Grys for that Property;

(b)   Setting aside and avoidance of the fraudulent transfer of the Property, to the extent necessary to satisfy Plaintiff's claim against Defendant, Maria DeMatos;

(c)   Attachment and levy against the Property, in favor of and for the benefit of Plaintiff, to secure the availability of that Property for satisfaction of the substantial obligation owed by Maria DeMatos to Plaintiff;

(d)  Impressing a constructive trust against the Property, to secure the availability of that Property for satisfaction of the substantial obligation owed by Maria DeMatos to Plaintiff;

(e)  Directing the issuance of an injunction against any further disposition of the Property by Defendants, Elizabeth DeMatos Grys and Christopher Paul Grys; and

(f)  Granting such other and further relief as this Court deems necessary, just and/or appropriate under the circumstances, including but not limited to an award of interest, attorney's fees, and costs of this litigation.

          LAW OFFICES OF KEVIN T. FOGERTY

By: _____
    Kevin T. Fogerty, Esquire
    Attorneys for Plaintiff,
    Safeco Insurance Company of America

Of Counsel:
Michael S. Meisel, Esquire
Cole, Schotz, Meisel
Forman & Leonard, P.A.
Court Plaza North
25 Main Street
Hackensack, NJ 07601
201-489-3000