IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA | : | |
| | : | CIVIL ACTION No. 02-CV-2899 (BWK) |
| | : | |
| v. | : | |
| | : | |
| DEMATOS ENTERPRISES, INC., et al. | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The Defendants, DeMatos Enterprises, Inc., Joachim DeMatos, Donna DeMatos, Maria DeMatos, Elizabeth DeMatos Grys and Christopher Paul Grys, by and through their undersigned counsel, Fitzpatrick Lentz & Bubba, P.C., answer the Plaintiff's First Amended Complaint in this matter, and in support thereof, aver as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      The averments of this paragraph constitute conclusions of law to which no response is required and which are deemed denied.

8.      The averments of this paragraph constitute conclusions of law to which no response is required and which are deemed denied.

9.      Admitted, upon information and belief.

10.     Denied.  Donna DeMatos is not a shareholder or principal of DeMatos

Enterprises, Inc.

11.     Admitted.

12.     Denied.

13.     Denied.  Because the Indemnity Agreement is a writing which speaks for

Itself, the averments of this paragraph, to the extent they purport to characterize the content

of the document, are denied.

14.     Admitted.

15.     Admitted in part, denied in part.  It is admitted that DeMatos Enterprises,

Inc. defaulted under certain contracts to which it was a party and for which bonds were

issued by Plaintiff.  The remaining averments of this paragraph are denied.

16.     Denied.  After reasonable investigation, Defendants are without knowledge

or information sufficient to form a belief as to the truth of the averments of this paragraph

and, therefore, they are denied.

17.     The averments of this paragraph constitute a conclusion of law to

which no response is required and which are deemed denied.

18.     The averments of this paragraph constitute a conclusion of law to

which no response is required and which are deemed denied.

19.     Admitted in part, denied in part.  It is admitted that the Indemnity

Agreement contains language quoted in paragraph 19 of the First Amended Complaint.

By way of further response the Indemnity Agreement contains other language which is

omitted.  Because the Indemnity Agreement is a writing which speaks for itself, the

averments of this paragraph, to the extent they purport to characterize the content of the document, are denied.

20.    Admitted in part, denied in part.  It is admitted that by letter dated July 8, 2002, addressed to counsel for Defendants, Plaintiff made certain demands.  Because the letter of July 8, 2002 is a writing which speaks for itself, to the extent the averments of this paragraph purport to characterize the content of the document, they are denied.

21.    Admitted in part, denied in part.  It is admitted that Defendant, Maria DeMatos, sold certain real estate located in Lower Saucon Township, Northampton County, Pennsylvania to an individual named Tetiana Lohyn for a purchase price of approximately $430,000.   However, based upon judgments against her obtained by Suburban Community Bank, Defendant, Maria DeMatos, is not yet in receipt of the funds referenced in the First Amended Complaint.

22.    Denied.

WHEREFORE, Defendants, DeMatos Enterprises, Inc., Joachim DeMatos, Donna DeMatos and Maria DeMatos, demand judgment in their favor and against the Plaintiff dismissing the Complaint, awarding them their costs of suit, and granting such other and further relief as is just and equitable.

## COUNT II – VIOLATION OF PENNSYLVANIA UNIFORM FRAUDULENT TRANSFER ACT, 12 PA. C.S.A. §5104(a)(1)

23.    Defendants incorporate by reference their responses to paragraphs 1 through 22 above, as if set forth at length.

24.    Admitted.

25.    Denied.

3

26.    Denied.

27.    Admitted.

28.    Denied.

29.    Denied.

30.    Denied.

WHEREFORE, Defendants, Maria DeMatos, Elizabeth DeMatos Grys and Christopher Paul Grys, demand judgment in their favor and against the Plaintiff dismissing the Complaint, awarding them costs of suit, and granting such other and further relief as is just and equitable.

## COUNT III – VIOLATION OF PENNSYLVANIA UNIFORM FRAUD AND TRANSFER ACT [SIC], 12 PA. C.S.A. §5105

31.    Defendants incorporate by reference their responses to paragraphs 1 through 30, above, as if set forth at length.

32.    Denied.

33.    Denied.

34.    Denied.

WHEREFORE, Defendants, Maria DeMatos, Elizabeth DeMatos Grys and Christopher Paul Grys, demand judgment in their favor and against the Plaintiff dismissing the Complaint, awarding them costs of suit, and granting such other and further relief as is just and equitable.

## **AFFIRMATIVE DEFENSES**

By way of affirmative defenses to the First Amended Complaint, and pursuant to Fed. R. Civ. P. 8(c), Defendants aver as follows:

4

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint is premature in that Plaintiff continues to collect assets, namely accounts receivable, of DeMatos Enterprises, Inc. in satisfaction of its alleged claims.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff has impaired the value of the additional security for its claims, including the accounts receivable of DeMatos Enterprises, Inc., the obligation of the DeMatos Indemnitors, if any, has been discharged.

## FOURTH AFFIRMATIVE DEFENSE

Defendants believe, and therefore aver, that the assets of DeMatos Enterprises, Inc., Principal under the Indemnity Agreement, are sufficient to satisfy the claims of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has been collecting accounts receivable of DeMatos Enterprises, Inc., but has failed and refused to account to Defendants for the value of such accounts receivable collected. Unless and until Plaintiff accounts to Defendants for the accounts receivable collected by it on behalf of DeMatos Enterprises,

Inc., Defendants are unable to determine whether the claims of Plaintiff are in the amount alleged in the First Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Maria DeMatos did not act with an improper purpose in connection with the sale of certain property to Defendants, Elizabeth Grys and Christopher Grys. On the contrary, the underlying transaction was in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

Maria DeMatos was not insolvent at the time of the transfer of property to Elizabeth Grys and Christopher Grys alleged in the First Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Maria DeMatos was a gratuitous signatory to the Indemnity Agreement and, therefore, her obligations thereunder, if any, are to be strictly construed.

### NINTH AFFIRMATIVE DEFENSE

Donna DeMatos was a gratuitous signatory to the Indemnity Agreement and, therefore, her obligations thereunder, if any, are to be strictly construed.

### TENTH AFFIRMATIVE DEFENSE

The Defendants acted in good faith in that they had no actual fraudulent intent and no collusion or other active participation in a fraudulent scheme.

## ELEVENTH AFFIRMATIVE DEFENSE

Elizabeth Grys and Christopher Paul Grys gave reasonably equivalent value in exchange for the sale of the real property alleged in the Complaint and Maria DeMatos received reasonably equivalent value in exchange for the sale of real estate referenced in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint is barred by the doctrines of waiver and estoppel.

FITZPATRICK LENTZ & BUBBA, P.C.


Date:    July 30, 2002                    By:_____/S/_____ ___
                                             Douglas J. Smillie
                                             4001 Schoolhouse Lane
                                             P.O. Box 219
                                             Center Valley, PA 18034-0219
                                             (610) 797-9000
                                             Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF | : |
| AMERICA | : CIVIL ACTION No. 02-CV-2899 (BWK) |
| | : |
| v. | : |
| | : |
| DEMATOS ENTERPRISES, INC., et al. | : |

## **CERTIFICATE OF SERVICE**

I, DOUGLAS J. SMILLIE, hereby certify that a true and correct copy of the

Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint

has been filed electronically and is available for viewing and downloading from the ECF

System. In addition, a true and correct copy was served upon counsel for Plaintiff at the

following address, by regular U.S. Mail, postage prepaid, upon the following:

Kevin T. Fogerty, Esquire
Mill Run Office Center
1275 Glenlivet Drive
Suite 150
Allentown, PA 18106

FITZPATRICK LENTZ & BUBBA, P.C.

Dated:  July 30, 2002               By:_____/S/_____
                                        Douglas J. Smillie
                                        4001 Schoolhouse Lane
                                        P.O. Box 219
                                        Center Valley, PA 18034-0219
                                        (610) 797-9000