UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA | : | |
| Plaintiff, | : | |
| v. | : | No. 02-CV-2899 (BWK) |
| DEMATOS ENTERPRISES, INC., JOACQUIM DEMATOS, DONNA DEMATOS, MARIA DEMATOS, ELIZABETH DEMATOS GRYS, and CHRISTOPHER PAUL GRYS | : | |
| Defendants. | : | |

**MOTION FOR ISSUANCE OF A PRELIMINARY INJUNCTION**

1.      This civil case was instituted by Complaint filed on May 14, 2002.

2.      Pursuant to Fed. R. Civ. P. 15(a), Plaintiff, Safeco Insurance Company of America ("Safeco") on Monday, July 8, 2002, filed a First Amended Complaint, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein incorporated by reference.  A copy of Defendants' Answer to that pleading is attached hereto as Exhibit " B."

3.      Safeco has alleged three causes of action in its First Amended Complaint.

--      Count I - For breach of contract, against DeMatos Enterprises, Inc., Joacquim DeMatos, Donna DeMatos and Maria DeMatos ("the DeMatos Indemnitors") , based on a General Agreement of Indemnity (hereafter "the Indemnity Agreement") signed by that corporation and those three individuals, in which they agreed, among other things, to pay to Safeco, on Safeco's demand: (a) all losses, costs and expenses (including court costs, reasonably attorney's fees, consultant fees, investigative costs, and any other losses, costs or expenses) incurred by Safeco by reason of having executed any Bond, or

incurred by Safeco on account of any default under the Indemnity Agreement by any of the four parties signing that document, including interest on all disbursements made by Safeco, at the maximum rate permitted by law; (b) an amount sufficient to discharge any claim made against Safeco on any Bond, with Safeco having the right to use these monies to pay any claims, or to hold that money as security against loss on any Bond.

-- <u>Count II</u> - For a fraudulent conveyance in violation of Pa.C.S.A. Section 5104(a)(1) (conveyance made with actual intent to hinder, delay and/or defraud a creditor), against Maria DeMatos, Elizabeth DeMatos Grys and Christopher Paul Grys, in connection with Maria DeMatos' October, 2001, less-than-fair-market-value conveyance of her former $350,000.00+/- residence, in Bethlehem, PA, to her daughter and son-in-law for only $130,000.00.

-- <u>Count III</u> - For a fraudulent conveyance in violation of 12 Pa. C.S.A. Section 5105(a)(conveyance for inadequate consideration at a time when the transferor was insolvent, or thereby rendered insolvent), against Maria DeMatos, Elizabeth DeMatos Grys and Christopher Paul Grys, for the same conveyance of Maria DeMatos' home to her daughter and son-in-law.

4.  Defendants have admitted in their Answer to Plaintiff's First Amended Complaint that: Defendants DeMatos Enterprises, Inc., Joacquim DeMatos, Donna DeMatos and Maria DeMatos executed the Indemnity Agreement; during 1998, DeMatos Enterprises, Inc., by and through Defendant, Joacquim DeMatos, asked Safeco to issue surety bonds to guarantee DeMatos Enterprises, Inc.'s performance under contracts it had entered into for certain construction projects, to guarantee payment of labor and material claims on those projects; in reliance on the Indemnity Agreement, Safeco issued various payment and performance bonds,

rm-kc:ktf/C:\staging\3E2DC6C9-3272-20B568\in\3E2DC6C9-3272-20B568.doc-08/13/02

including bond numbers 5991536, 5991521, 6079741, 6079731, and 6079730; Defendant, DeMatos Enterprises, Inc., defaulted under certain contracts to which it was a party and for which bonds were issued by Safeco; Defendant Maria DeMatos sold certain real estate on or about April 30, 2002 (being a 23.8258 acre tract of land), to a buyer named Tetiana Lohyn, for a purchase price of $430,000.00; and that on October 9, 2001, Maria DeMatos conveyed title to her residence at 2291 Black River Road in Bethlehem, PA to her daughter Defendant, Elizabeth DeMatos Grys and her son-in-law, Christopher Grys, for consideration of $130,000.00.

5. The Indemnity Agreement executed by DeMatos Enterprises, Inc., Joacquim DeMatos, Donna DeMatos and Maria DeMatos contains, *inter alia*, the following provisions:

-- Paragraph 4 under General Provisions (page 3) provides that Safeco has the right to review those four Defendants' books, records and accounts, and it has the right to contact those Defendants' banks, to determine the amount of funds on deposit;

-- Paragraph 2 of the "Indemnity to Surety" section on the first page of the Indemnity Agreement, requires those Defendants to pay over to Safeco, on demand from Safeco "an amount sufficient to discharge any claim made against [Safeco] on any Bond," and the amount demanded may "be held by Safeco as collateral security against loss on any Bond . . . ."

6. By letter dated July 8, 2002 --a copy of which is attached hereto as Exhibit "C" and incorporated herein by reference--, Safeco's counsel made demand on Defendants' counsel for Defendants (a) to provide financial statements for all four of these Defendants, certified by each as true and correct, listing assets and liabilities, and (b) to provide collateral to Safeco, as support for the indemnification and hold harmless obligations of DeMatos Enterprises, Inc.,

3

rm-kc:ktf/C:\staging\3E2DC6C9-3272-20B568\in\3E2DC6C9-3272-20B568.doc-08/13/02

Joacquim DeMatos, Donna DeMatos and Maria DeMatos, under the Indemnity Agreement they had previously signed.

7.      By letter dated July 31, 2002 --a copy of which is attached hereto as Exhibit "D" and incorporated herein by reference-- Safeco's counsel again wrote to Defendants' counsel and requested certified financial statements, and establishment of an escrow account to collateralize Defendants' contractual obligations under the Indemnity Agreement.

8.      By letter dated August 8, 2002 --a copy of which is attached hereto as Exhibit "E" and incorporated herein by reference-- Safeco's counsel confirmed that an additional demand had been made on Defendants' counsel for the DeMatos Indemnitors to deliver financial statements, and to timely provide collateral to Safeco in support of their indemnification and hold harmless obligations, and that Defendants' counsel said he had made no progress on that front with his clients since receiving Safeco's counsel's July 8, 2002 letter.

9.      To date, Defendants have failed, neglected and refused to provide the financial information requested by Safeco, to which Safeco is entitled under the Indemnity Agreement. Defendants have also failed and refused to agree to post collateral security under that Agreement, subject to satisfactory arrangements being made to ensure the preservation and protection of the collateral.  In short, Defendants have not responded in any manner whatsoever to Safeco's counsel's July 8th and July 31st letters, and the August 7th telephone call.

10.     As alleged in Safeco's First Amended Complaint, Safeco believes and avers that the Defendants --particularly Maria DeMatos--, possess and have control over a substantial amount of readily available funds, either in bank accounts or investments, totaling in excess of $400,000.00.

rm-kc:ktf/C:\staging\3E2DC6C9-3272-20B568\in\3E2DC6C9-3272-20B568.doc-08/13/02

11. Safeco's right under the Indemnity Agreement to have Defendants provide financial information and to post collateral security for their undisputed indemnification obligations is clear.

12. There is no resulting harm to Defendants, DeMatos Enterprises, Inc., Joacquim DeMatos, Donna DeMatos and Maria DeMatos by requiring them to disclose their current financial condition (including identification of all assets owned by them, and debts owed) and also requiring them to post collateral security, as they are contractually obligated to do under the Indemnity Agreement, including but not limited to requiring Maria DeMatos to deposit all or a substantial portion of her cash and other liquid funds into an escrow account, from which those funds cannot be withdrawn until further Order of this Court. By contrast, the harm to Safeco will be substantial if Defendants are allowed to dissipate and/or transfer away assets and property -- particularly Maria DeMatos' cash and other liquid funds--, during the pendency of this litigation.

13. Safeco believes and avers that it will suffer serious and irreparable monetary damage and loss, if an Order granting preliminary injunctive relief is not entered, requiring Defendants to immediately disclose all assets in their possession, custody or control --including but not limited to the full extent of Maria DeMatos' cash and other liquid funds--, and also requiring Defendants to post substantial collateral security from those assets, including but not limited to depositing all or a substantial portion of Maria DeMatos'cash and liquid funds into an escrow account from which those funds cannot be withdrawn or otherwise utilized without Court approval and authorization.

14. Based on the foregoing, Safeco is entitled to entry of an Order of this Court granting preliminary injunctive relief, compelling Defendants to (a) disclose, in writing, within five (5) days of the date of this Order, all assets in their possession, custody or control, by

rm-kc:ktf/C:\staging\3E2DC6C9-3272-20B568\in\3E2DC6C9-3272-20B568.doc-08/13/02

supplying certified financial statements, or other acceptable attestation of the assets and property owned and/or controlled by Defendants, and their debts, and (b) requiring Defendants to deposit collateral security into escrow, including but not limited to Maria DeMatos' cash and other liquid funds, because (i) Safeco's right to this injunctive relief is clear under the Indemnity Agreement, (ii) there is no harm to Defendants in having to produce this information, and placing assets and property in escrow pending the outcome of this litigation, (iii) the harm to Safeco if this Order is not entered is real, tangible and significant, in that Safeco will be deprived of its contractual right to demand collateral be posted to secure DeMatos Enterprises, Inc.'s, Joacquim DeMatos', Donna DeMatos' and Maria DeMatos' financial obligations under the Indemnity Agreement, particularly since Defendants will likely dissipate or transfer away some or all of those assets and property, all to Safeco's great detriment and harm.

WHEREFORE, Plaintiff, Safeco Insurance Company of America, respectfully requests this Court enter an Order of this Court (copy attached hereto as Exhibit "F"), granting the following relief:

(a)     Directing and compelling Defendants, DeMatos Enterprises, Inc., Joacquim DeMatos, Donna DeMatos and Maria DeMatos, to provide financial statements, sworn to their accuracy, within five (5) days of the date of this Order, disclosing to Safeco all assets and debts of each of those Defendants, for the purpose of determining which of those assets may be posted as collateral security for those Defendants' obligations under the Indemnification Agreement which they signed, for the benefit of Safeco;

(b)     Directing and compelling Defendants, Joacquim DeMatos, Donna DeMatos and Maria DeMatos, to deliver and pay into an escrow account, jointly titled in

the name of Safeco's counsel and Defendants' counsel (requiring both to sign any documents, including checks, withdrawing monies from that escrow account), a sum consistent with the amount of assets over which those Defendants have possession, custody or control; and

(c)   Such other and further relief --including directing Defendants, Joacquim DeMatos, Donna DeMatos and Maria DeMatos, to deliver additional collateral to Safeco, or into escrow, following Safeco's review of Defendants' sworn and certified financial statements--, as may be deemed necessary, just and/or appropriate under the circumstances.

Respectfully submitted,

LAW OFFICES OF KEVIN T. FOGERTY

By:_____
    Kevin T. Fogerty, Esquire
    Attorneys for Safeco,
    Safeco Insurance Company of America

rm-kc:ktf/C:\staging\3E2DC6C9-3272-20B568\in\3E2DC6C9-3272-20B568.doc-08/13/02

# CERTIFICATE OF SERVICE

    I, Kevin T. Fogerty, Esquire, counsel for Plaintiff, Safeco Insurance Company of America in this proceeding, hereby state and certify that on Tuesday, August 13, 2002, I served by first-class mail, a true and correct copy of Motion for Issuance of Preliminary Injunction, upon the following:

Douglas Smillie, Esquire
Fitzpatrick, Lentz & Bubba, P.C.
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034-0219
*Attorneys for Defendants DeMatos Enterprises, Inc.,*
*Joacquim DeMatos, Donna DeMatos, Maria DeMatos,*
*Elizabeth DeMatos Grys and Christopher Paul Grys*

Date:  August 13, 2002    _____
                                                            Kevin T. Fogerty, Esquire