# PITA, PATRICK, LENTZ & BUBBA, P.C.

JAMES G. KELLAR
EDWARD J. LENTZ
JOSEPH A. FITZPATRICK, JR.
JOSEPH A. BUBBA
TIMOTHY D. CHARLESWORTH
DONNA M. MILLER
DOUGLAS J. SMILLIE*
EMIL W. KANTRA II
MARK D. AURAND
JOSEPH S. D'AMICO, JR.*
MICHAEL R. NESFEDER
CATHERINE E. NAUGHTON DURSO
JANE P. LONG
NANCY CONRAD*
ERICH J. SCHOCK
RONALD J. REYBITZ
ALBERTINA D. LOMBARDI*
EDWARD J. ANDRES
GEORGE R. BARRON

*Also admitted in New Jersey

ATTORNEYS AT LAW
4001 SCHOOLHOUSE LANE
P.O. BOX 219
CENTER VALLEY, PA 18034-0219

dsmillie@flblaw.com

TELEPHONE (610) 797-9000
TELEFAX (610) 797-6663
WEBSITE: www.flblaw.com

NEW JERSEY OFFICE:
301 NORTH CHURCH STREET
SUITE 220
MOORESTOWN, NJ 08057
TELEPHONE: (856) 727-9600

August 15, 2002

Kevin T. Fogerty, Esquire
Mill Run Office Center
1275 Glenlivet Drive
Suite 150
Allentown, PA 18106

> RE: Safeco Insurance Company of America v.
> Joacquim DeMatos, Donna DeMatos and Maria DeMatos
> Civil Action No. 02-2899 (E.D. Pa.)

Dear Kevin:

I am enclosing the Pretrial Scheduling/Status Conference Report form which you provided and which is to be filed with the Court on August 21, 2002. As we discussed, I will be out of the office on August 16, as well as August 19 and 20, and therefore wanted you to have the document so that it can be timely filed with the Court.

In addition, pursuant to Safeco's request, I have meet with Joacquim (Jack) DeMatos and his mother, Maria DeMatos concerning Safeco's request for financial statements. As you know, in your letter of July 8, 2002, you requested that my clients provide certified financial statements. As an outset matter, I should remind you that your letter of July 8, 2002 was received while I was on vacation. I did not, therefore, have an opportunity to see it, let alone to forward it to my clients, until later in the month of July. That, in part, accounts for our delay in responding to your request. Nevertheless, Mr. DeMatos has agreed to prepare a personal financial statement for him and his wife. Mrs. Maria DeMatos is meeting with her accountant today, and will also provide a certified financial statement, once it has been completed by her accountant. Hopefully, this will demonstrate my clients' desire to cooperate with Safeco in the resolution of this matter and in minimizing the costs of litigation. With respect to Beth at Christopher Grys, Safeco has no contractual basis to obtain a financial statement and I believe that that matter can be addressed separately and at a later date.

With respect to your request that my clients agree to establish an escrow account for Safeco's benefit pending the resolution of the underlying claims, my clients are not willing to agree to that request at this time. However, my clients are providing financial information,

**EXHIBIT B**

which will identify their assets. My clients are aware of the admonition contained in Mr. Meisel's letter of February 21, 2002 and will not fraudulently transfer or dissipate assets.

At the same time, I have requested from you on several occasions the status of the collection of accounts receivable by Safeco in connection with certain projects. I discussed this with you in our first conversation on June 3, 2002 (as confirmed in your letter of June 4, 2002). In addition, I again raised the question with you, as confirmed in my letter of June 12, 2002 where I reiterated that I was attempting to obtain information through you from Safeco regarding the status of collection of accounts receivable and/or the completion of projects by DeMatos Enterprises, Inc. I have not received any such information.

In passing, it is worth noting that Safeco's previous attorney, Emil Giordano, Esquire, had expressly advised Jack DeMatos that Safeco would forbear from pursuing action under the indemnity agreements if he cooperated with Safeco in the prosecution of claims. I enclose a copy of Mr. Giordano's letter of March 14, 2002 to that effect. It is my understanding that Mr. DeMatos has fully cooperated with Safeco in that regard. You may want to confirm this with Mr. Giordano, rather than taking my word for it. Nevertheless, in my most recent meeting with Mr. DeMatos, he again advised that he has done whatever has been requested of him by Safeco and its engineers and consultants. Mr. DeMatos is well aware that his interest is best served by enhancing Safeco's collections and the by minimization of any liability arising from any uncompleted projects or claims. At the same time, it was Mr. DeMatos's understanding that DeMatos Enterprises, Inc. is owed over $200,000 from a project in Nescopeck, which was not in dispute, but simply late in payment, and there was in excess of $200,000 which was collectable from a project in Shamokin, as well as the balance of the Nescopeck job. I have very little familiarity with these matters, but perhaps your client can update us both on where they stand.

Finally, at a little after 5:00 p.m. on August 13, 2002, you faxed me a Notice of Deposition purporting to schedule five depositions for August 23, 2002, and requesting the production of extensive documents. Obviously, I would hope that we can discuss scheduling the depositions at a mutually convenient time, rather than simply noticing them as this case progresses. Further, given my representations above concerning my clients' willingness to produce financial statements, I hope that the immediacy of your concerns has been addressed. In any event, the unilateral scheduling of depositions in this case is premature. Fed.R.Civ.P. 26 (d) provides, in part, that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Since there has been no Rule 26(f) conference, your request for discovery is inappropriate. The form which you provided to me, and Judge Kaufman's Rule 16 Conference Order, provide for the scheduling of a Rule 26(f) conference which will coordinate with the submission of the mandatory disclosures required under Fed.R.Civ.P. 26(a)(1). Thus, we will not be attending the depositions. In addition, I should note that Maria DeMatos will be out of the country on a previously scheduled vacation through September 8, 2002 and, therefore, unavailable in any event. Both Jack and Donna DeMatos work and would have to make arrangements in advance to be available for such a deposition. I assume the same is true for Christopher and Beth Grys, and know that Beth is also responsible for two small children.

**FITZPATRICK LENTZ & BUBBA, P.C.**

Kevin T. Fogerty, Esquire
August 15, 2002
Page 3

      Frankly, I think that this case will ultimately turn upon Safeco's success or lack thereof, in resolving claims, including the collection of receivables, of DeMatos Enterprises, Inc. (although I reserve all rights to assert any appropriate defenses). Thereafter, once the amount of the potential liability is established, all parties will be in a better position to discuss resolution of this matter. In the meantime, my clients are honest people who will not run away from any of their legitimate obligations. Thus, I hope that we can continue to take a reasonable approach to this litigation with an eye toward achieving the optimum resolution for all parties. I would be pleased to discuss any questions you have when I return to the office on August 21, 2002.

                                Very truly yours,

                                Douglas J. Smillie

DJS/tmb

Enclosures

# PRETRIAL SCHEDULING/STATUS CONFERENCE REPORT

Date: **August 21, 2002**

CIVIL ACTION NO.: 02-cv-2899    JURY TRIAL: _____ NON-JURY TRIAL: **XX**

Title of Case: **Safeco Insurance Co. v. DeMatos Enterprises, Inc., et al.**

Name of Trial Counsel: **Douglas J. Smillie**
Representing: **Defendants**

Law Firm: **Fitzpatrick Lentz & Bubba, P.C.**
Address: **4001 Schoolhouse Lane, P.O. Box 219, Center Valley, PA 18034-0219**
Phone Number (including area code): **(610)797-9000**

Jurisdiction: 28 U.S.C. § 1332

Proof of Service Filed as to Defendants*: Yes_____ No_____

1a.   Fed. R. Civ. P. 16 conference date: **9/30/02**
1b.   Fed. R. Civ. P. 26(f) discovery/settlement conference date (at least 21 days prior to above)*: **9/9/02**

2.   Proposed Discovery Schedule:
     Plaintiff: _____
     Defendant: **Interrogatories and document requests to be completed by 12/1/02; depositions by 2/1/03; experts by 3/1/03**
     Third-Party Defendant: **N/A**

3.   Mandatory Disclosure under Fed. R. Civ. P. 26(a)(1) (due 14 days after Fed. R. Civ. P. 26(f) conference):
     **9/23/02**

4.   What, if any, matters will require action by the court before trial? **None anticipated**.

5.   Case will be ready for trial on or about: **5/15/03**

6.   Trial time: a) Estimate of total time to present your case **2 days**
                 b) Estimate of total time for the entire trial **4 days**

7.   Prospect of Settlement: Likely **XX**   Possible ____ Unlikely _____
     Settlement conference desired? Now_____ Later **XX**
     (State at what stage appropriate) **After discovery or after expert reports.**

8.   Special comments: **Dispositive motions due 4/1/03**

*signature*
Douglas J. Smillie, Esquire
Counsel for Defendants

*    Fed. R. Civ. P. 4(j): If service of summons and complaint is not made upon a defendant within 120 days, the action shall be dismissed without prejudice as to that defendant.



March 14, 2002

Mr. Jack DeMatos
DeMatos Enterprises, Inc.
P.O. Box 161
Hellertown, PA 18055

**RE:  SAFECO**

Dear Jack:

I had a conversation today with Attorney Meisel, who's representing SafeCo. Attorney Meisel wants to hire me to represent SafeCo.'s interests in the federal lawsuit. Clearly, I have not agreed to undertake that representation without talking to you to see if you consent to the same. Additionally, Attorney Meisel expressed concern that your liability under the indemnity agreements with SafeCo., and advised me that you should undertake representation in that regard. He further told me that his company would forbear under those indemnity agreements, if you cooperated with SafeCo. in these claims. You need to discuss this matter with Attorney Kercher and get back to me.

I thank you for your kind attention and anticipated cooperation in this matter.

Very truly yours,


Emil Giordano

EG: jc
Enclosure

**LOCATION:**
2355 Old Post Road (Route 329), North Whitehall, PA
**MAILING ADDRESS:**
2355 Old Post Road, Coplay, PA  18037
**PHONE:** 610-261-9050   **FAX:** 610-261-9297
**E-MAIL:** egiord7630@aol.com   www.emilgiordano.com


MEMBER OF
PENNSYLVANIA
NEW YORK BAR