# FITZPATRICK, LENTZ & BUBBA, P.C.

JAMES G. KELLAR
EDWARD J. LENTZ
JOSEPH A. FITZPATRICK, JR.
JOSEPH A. BUBBA
TIMOTHY D. CHARLESWORTH
DONNA M. MILLER
DOUGLAS J. SMILLIE*
EMIL W. KANTRA II
MARK D. AURAND
JOSEPH S. D'AMICO, JR.*
MICHAEL R. NESFEDER
CATHERINE E. NAUGHTON DURSO
JANE P. LONG
NANCY CONRAD*
ERICH J. SCHOCK
RONALD J. REYBITZ
ALBERTINA D. LOMBARDI*
EDWARD J. ANDRES
GEORGE R. BARRON

*Also admitted in New Jersey

ATTORNEYS AT LAW
4001 SCHOOLHOUSE LANE
P.O. BOX 219
CENTER VALLEY, PA 18034-0219

dsmillie@flblaw.com

TELEPHONE (610) 797-9000
TELEFAX (610) 797-6663
WEBSITE: www.flblaw.com

NEW JERSEY OFFICE:
301 NORTH CHURCH STREET
SUITE 220
MOORESTOWN, NJ 08057
TELEPHONE: (856) 727-9600

August 22, 2002

Kevin T. Fogerty, Esquire
Mill Run Office Center
1275 Glenlivet Drive
Suite 150
Allentown, PA 18106

    RE:    **Safeco Insurance Company of America v.**
              **Joacquim DeMatos, Donna DeMatos and Maria DeMatos**
              **Civil Action No. 02-2899 (E.D. Pa.)**

Dear Kevin:

    I am in receipt of your letter of August 20, 2002. While I generally think that exchanging letters over points of disagreement serves little purpose, I feel compelled to respond to some of the statements you made.

    First and foremost, the distinction you have raised concerning "trial-related types of discovery" governed by Fed. R. Civ. P. 26(d) and (f) and discovery related to a preliminary injunction is simply inaccurate. You do not have the right to unilaterally conduct discovery until after the Rule 26(f) conference, which has not yet occurred. Moreover, Safeco Insurance Company, the Plaintiff in this action, has made no pretrial disclosures as required by Fed. R. Civ. P. 26(a) and, therefore, discovery at this point is premature.

    Moreover, I must take issue with your assertion that I and my clients have not cooperated with discovery. In my letter of August 15, 2002, I stated that my clients would voluntarily provide the requested financial disclosures. Therefore, you have no basis to contend that we have been uncooperative. In furtherance of such cooperation, I am enclosing with this letter a copy of an agreement entered into by and among my clients and Suburban Community Bank relating to the resolution of that entity's claims against my clients. In that document, you will note disclosure of the sums paid to Suburban Community Bank.

**EXHIBIT C**

Kevin T. Fogerty, Esquire
August 22, 2002
Page 2

     I am also enclosing documents relating to the transfer of real estate from Maria DeMatos to her daughter and husband. As these documents will disclose, the transaction was envisioned as early as October 2, 2000 and, therefore, is utterly unrelated to any claims of Safeco Insurance Company. There is no basis to impute fraudulent intent on behalf of Mrs. DeMatos. While there may be an issue concerning the value of the property, there also remain significant issues concerning Mrs. DeMatos' solvency at the time of the transfer, which is a significant issue to be addressed in this case.

     While you are free to disagree with my proposed timetable for discovery and trial, since we appear to unable to agree, the Court will have to resolve the issue. Frankly, I do not think that a trial within one year of the filing of the Complaint represents an unreasonable expectation.

     In passing, I should probably also remind you that as early as July 25, 2002, I offered to confer with you concerning dates, but you never took me up on that offer. (See my letter of July 25, 2002, copy enclosed). I also advised you that I would be going away well in advance of August 15, 2002. Despite that, you did not see fit to provide me with your proposed dates until August 20, 2002, a date on which you knew I would not be in the office and the date immediately before the pretrial memo was due. Normally, one would expect the Plaintiff to take the lead in initiating the pretrial conferences required by the Rules. That did not happen here, but please do not attempt to place blame on me for that.

     Finally, although Safeco is certainly free to pursue whatever remedies it thinks it is entitled to, as noted in my letter of August 15, 2002, my clients have been entirely cooperative. Safeco, on the other hand, has consistently failed to provide any information whatsoever concerning the status of the projects it has undertaken and the collection of accounts receivable with respect to those projects. If you go back to your letter of June 4, 2002, you will see that, on June 3, 2002, I raised the question of the application of the accounts receivable from DeMatos Enterprises, Inc. construction projects against the amount owed to Safeco. To date, I have received no information concerning that request. That request was raised again in my letter of June 12, 2002, as well as my August 15, 2002 letter. In the interim, Jack DeMatos has cooperated with Safeco's representatives but has been given no information concerning the collection of accounts receivable. Please provide me with the requested information at your earliest convenience.

     It may be that Safeco's perception of my clients has been colored by the "discovery" of Mrs. DeMatos' transfer of her home to her daughter and son-in-law as part of her on-going estate planning activities. The enclosed documents should convince Safeco that there was no improper motive surrounding that transfer. In addition, the sale of Mrs. DeMatos' other real estate had

nothing to do with the current claims and, in fact, you learned of that sale and of the existence of the proceeds from me. If my clients were concealing anything, that would not have been the case. Hopefully, we can avoid unduly increasing in the cost of litigation, while at the same time adhering to the Federal Rules of Procedure and otherwise proceeding in good faith. I look forward to the receipt of the information requested above.

Very truly yours,

Douglas J. Smillie

DJS/kls
Enclosures