IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA | : <br> : CIVIL ACTION No. 02-CV-2899 (BWK) <br> : |
| v. | : <br> : |
| DEMATOS ENTERPRISES, INC., et al. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF A PRELIMINARY INJUNCTION**

Defendants, Joachim DeMatos, Donna DeMatos, Maria DeMatos, Elizabeth DeMatos Grys and Christopher Paul Grys, by and through their undersigned counsel, Fitzpatrick Lentz & Bubba, P.C., submit this Memorandum of Law in Opposition to Plaintiff's Motion for Issuance of a Preliminary Injunction.

**I.   INTRODUCTION**

As set forth in the Plaintiff's motion, Safeco Insurance Company of America ("Safeco") filed a Complaint against certain of the Defendants on or about May 14, 2002.  Thereafter, Safeco filed an Amended Complaint, adding as Defendants Elizabeth DeMatos Grys and Christopher Paul Grys and DeMatos Enterprises, Inc.

On or about August 13, 2002, Safeco filed its Motion for Issuance of a Preliminary Injunction.  For the reasons that follow, the motion must be denied.

**II.   SUMMARY OF FACTUAL BACKGROUND**

DeMatos Enterprises, Inc. ceased operations and filed a petition under Chapter 7 of the Bankruptcy Code on or about February 19, 2002.  As a result of the bankruptcy, and because of allegations of default on the part of DeMatos Enterprises with respect to certain construction

projects in which the company had been engaged, Safeco, which had allegedly issued certain payment and performance bonds on behalf of DeMatos Enterprises, Inc, has allegedly paid claims or incurred expenses for which it contends Maria DeMatos, Joachim DeMatos and Donna DeMatos are liable as indemnitors under a certain indemnity agreement. It is not disputed that Joachim DeMatos, Donna DeMatos and Maria DeMatos signed a document entitled General Agreement of Indemnity on or about December 9, 1998 ("Indemnity Agreement"), although questions exist concerning the extent of their respective undertakings.

Although Safeco has contended that it has "established a $650,000.00 loss reserve" with respect to claims it has paid or expects to pay, it has yet to provide substantiation as to the basis for its reserve. See Plaintiff's Memorandum of Law at 2.

On the basis of public records and disclosures voluntarily made by counsel for Defendants, Safeco is aware that Maria DeMatos has sold two pieces of real estate she owned. One was a residence transferred to Defendants Elizabeth DeMatos Grys and Christopher Paul Grys, respectively her daughter and son-in-law, in October 2001. The other was an unrelated sale of real estate for a stated consideration of $430,000, which took place earlier this year.

Safeco's claims against the Defendants can be summarized as a fairly straight forward breach of contract claim under the Indemnity Agreement, coupled with two fraudulent transfer claims asserted under the Pennsylvania Uniform Fraudulent Transfer Act. The fraudulent transfer claims relate to Maria DeMatos' transfer of real estate to her daughter and son-in-law. It is alleged that the transaction was either actually or constructively fraudulent as to Safeco. Defendants have denied liability.

With the filing of the Amended Complaint, and for the first time, Safeco demanded that the Defendants provide certified financial statements. That demand was contained in a letter dated July

8, 2002. It will be shown that that letter was received at the office of counsel for Defendants while counsel was on vacation. Since that time, and before receipt of the instant motion, Defendants, Maria DeMatos, Joachim DeMatos and Donna DeMatos, have agreed to provide financial statements to Safeco.[1] Safeco has no contractual right to demand certified financials from the Grys Defendants.

In addition, Safeco, also for the first time, demanded that the so-called DeMatos indemnitors immediately provide collateral in an amount sufficient to discharge any claim made against Safeco, to be held by Safeco as collateral security against any loss on any bond. Defendants have declined to post such collateral at this time, as Safeco has provided no basis whatsoever for its alleged loss reserve. The record will show that counsel for Defendants has been requesting such information since as early as June 4, 2002. Moreover, Safeco's previous counsel had promised to forbear under the Indemnity Agreement if Mr. DeMatos assisted Safeco with the underlying claims. Despite Mr. DeMatos' cooperation, Safeco filed this suit and request for preliminary injunction.

**III.    ARGUMENT**

    **A.    Standard Of Review**

Fed. R. Civ. P. 65 governs the issuance of a preliminary injunction.[2] The issuance of a preliminary injunction "is an 'extraordinary remedy, which should be granted only in limited circumstances.'" Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797 (3d Cir. 1989) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir.

---

[1] It is noted that this offer, made in the spirit of cooperation, is arguably more than Defendants are required to do under the Indemnity Agreement, which merely authorizes Safeco to review the signatories' books, records and accounts.
[2] Among other things, Fed. R. Civ. P. 65(c) requires the applicant to post security as a condition to the granting of a preliminary injunction.

1988)). In considering a motion for a preliminary injunction, the Federal Court employs a federal standard, even when the cause of action is state-created. Id. at 799.

The Court must carefully weigh four factors in deciding whether to issue a preliminary injunction:

(1) Whether the movant has shown a reasonable probability of success on the merits;

(2) Whether the movant will be irreparably harmed by denial of the relief;

(3) Whether granting preliminary relief will result in even greater harm to a non-moving party; and

(4) Whether granting the preliminary relief will be in the public interest.

Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999) (quoting American Civil Liberties Union of New Jersey v. Black Horse Pike Regional Bd. of Educ., 84 F.3d 1471, 1476 n.2 (3d Cir. 1996)). See also Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578 (3d Cir. 2001); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Napolitano, 85 F. Supp. 2d 491 (E.D. Pa. 2000). If the Court finds that "either or both of the fundamental preliminary injunction requirements – a likelihood of success on the merits and the probability of irreparable harm if relief is not granted – to be absent," the Court cannot issue an injunction. See McKeesport Hospital v. Accreditation Council for Graduate Medical Educ., 24 F.3d 519, 523 (3d Cir. 1994) (citing Hoxworth v. Blinder Robinson & Co., 903 F.2d 186, 198 (3d Cir. 1990).

A federal court has no authority generally to freeze a defendant's funds to help ensure satisfaction of a judgment should the plaintiff prevail on the underlying legal claim. See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 119 S. Ct. 1961,

1975, 144 L. Ed. 2d 319 (1999).  In <u>Grupo Mexicano</u>, the Supreme Court expressly held that the district courts do not have the authority to issue a preliminary injunction prohibiting the disposition of assets pending adjudication of the underlying contract claims for money damages, noting "we have no authority to craft a 'nuclear weapon' of the law like the one advocated here." 527 U.S. at 332.  Principally, the Supreme Court reiterated that "[t]he requirement that the creditor obtain a prior judgment is a fundamental protection in debtor-creditor law – rendered all the more important in our federal system by the debtor's right to a jury trial on the legal claim." 527 U.S. at 330.  Yet, that is precisely what Safeco seeks here.

For a movant to prove irreparable harm, it must demonstrate "potential harm which cannot be redressed by a legal or an equitable remedy following trial." <u>See</u> <u>Instant Air Freight</u>, 882 F.2d at 801.  "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." <u>Id</u>.  An injury warranting a preliminary injunction must, therefore, "be of a peculiar nature, so that compensation in money cannot atone for it . . .." <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir. 1994).  The irreparable injury claimed by the movant cannot be speculative or remote and "more than a risk of irreparable harm must be demonstrated." <u>Id</u>. at 655.

As will be discussed below, Safeco's request for a preliminary injunction in this case is nothing more than a heavy-handed attempt to obtain final relief in this matter.  Based upon the well-established standards, Safeco's request must be denied.

B.  **Safeco Cannot Demonstrate Irreparable Harm**

Safeco has failed to demonstrate how it will be irreparably harmed if it does not obtain the injunctive relief requested. In fact, Safeco's motion demonstrates the futility of its request. In its motion, Safeco states that it "believes and avers that it will suffer serious and irreparable monetary damage and loss," if the requested preliminary injunction is not granted. As noted above, in order to demonstrate irreparable harm, it is incumbent upon the movant to demonstrate "potential harm which cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight, 882 F.2d at 801. Since the only claim that Safeco raises concerning irreparable harm is potential monetary loss, Safeco has failed to carry its burden of establishing that it is entitled to a preliminary injunction.

A similar claim was reviewed and rejected by this Court in Todi v. Stursberg, 2001 U.S. Dist. LEXIS 11270 (E.D. Pa. August 1, 2001). In that case, Judge DuBois denied the plaintiff's request for a preliminary injunction to prohibit the defendant from transferring assets and for other similar relief. Although the Todi court concluded that the plaintiff had shown some likelihood of success on the merits, the court found that "extraordinary injunctive relief is not warranted in a case such as this where a plaintiff has an adequate remedy at law in the form of a money judgment." Id. at *18. Thus, even though the Todi court concluded that the plaintiff had shown some evidence of commingling of assets, and substantial evidence of poor record keeping, the court correctly concluded that the plaintiff had not met his burden to show that he would suffer irreparable harm in the absence of an injunction.

If anything, the facts before the court in Todi are more egregious than those presented by the current situation. In this case, the principal under the bonds at issue, Dematos Enterprises, Inc., filed a voluntary petition under Chapter 7 of the Bankruptcy Code. It cannot be

disputed that DeMatos Enterprises had the legal right to do so and that Chapter 7 is an appropriate remedy available for businesses that are, inter alia, unable to pay their debts as they come due or are insolvent on a balance sheet basis.  After its finances were fully disclosed, and investigated by an independent trustee, the bankruptcy case was closed as a "no asset" case on or about June 4, 2002.  As the surety on certain bonds, Safeco is obligated to undertake certain obligations.  It is incumbent upon Safeco to demonstrate that it has satisfied those responsibilities and has otherwise fulfilled its duties and obligations under the bonds.

In contrast, the allegations in Todi involved claims of commingling of assets, disregard of corporate formalities, and piercing of the corporate veil.  In addition, there were claims under §10(b) of the Securities Exchange Act and alleged violations of the the applicable Pennsylvania Securities laws by employing devices, schemes and artifices to defraud; making untrue statements of material fact and/or omitting to state material facts necessary to make statements not misleading; and engaging in acts, practices and a course of business which operated as a fraud and deceit upon investors in an effort to raise funds.  Certainly, the garden variety contract claims alleged in the instant cased do not approach in severity the level of the allegations of Fraud found in Todi. [3]

Finally, in light of the Supreme Court's unequivocal holding in Grupo Mexicano, it is doubtful that this Court has the power to grant the requested relief in any event.

---

[3] For these same reasons, Safeco's reliance upon Hoxworth v. Blinder Robinson & Co., 903 F.2d 186 (3d Cir. 1990) is misplaced.  First, it seems likely that Hoxworth has been overruled by the Supreme Court's decision in Grupo Mexicano.  Second, at a minimum, Hoxworth requires a showing that an injunction is necessary "to prevent the consumption, dissipation or fraudulent conveyance of the assets that the party [seeking the injunction] seeks to recover in the underlying action."  Elliott v. Kiesewetter, 98 F.3d 47, 58 (3d Cir. 1996).  In other words, in order to "freeze assets," those assets must be the subject of the litigation, and not merely funds from which a prospective judgment might be satisfied.  Id. n.9 (citing Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1521 (11th Cir. 1994); In re Fredeman Litigation, 843 F.2d 821, 824 (5th Cir. 1988)).  Finally, in Hoxworth the Court of Appeals - - which vacated the preliminary injunction issued by the District Court - - rejected the District Court's reasoning in support of its finding if "irreparable harm," suggesting that on remand the District Court provide "a better explanation of the underlying rationale."  908 F.2d at 207.  The District Court had premised its conclusion on the finding that the defendant had been transferring assets "beyond the reach of this court."  903 F.2d at 206.  Here, there has not even been an allegation of such conduct.

In conclusion, it is readily apparent that Safeco cannot establish at least one of the two fundamental requirements for a preliminary injunction: the probability of irreparable harm. Therefore, Safeco's motion must be denied. McKeesport, 24 F.3d at 523.

### C. Safeco Cannot Demonstrate A Likelihood A Success On The Merits

This case was initiated on May 14, 2002. An Amended Complaint was filed on or about July 8, 2002, and an Answer with affirmative defenses filed on or about July 31, 2002. There has been no discovery and no Rule 26(f) conference has yet occurred. Plaintiff has made no Rule 26(a) disclosures.

Further, while Plaintiff's contractual rights may be contained within the Indemnity Agreement, Plaintiff has yet to establish the amount of the claims it has paid under the bonds. In fact, the Amended Complaint alleges that Plaintiff has received claims in excess of $645,000, but Defendants have been provided with no substantiation for this allegation. In its motion for the issuance of a preliminary injunction, Safeco has made no allegation as to claims it has actually paid. In its Memorandum of Law, Safeco states that "at present, Safeco has established a $650,000 loss reserve for claims on bonds it issued at the request of DeMatos Enterprises, Inc." Plaintiff's Memorandum of Law at 2 (emphasis added). A reserve, however, is not a loss. At the same time, in DeMatos Enterprises, Inc.'s schedules of assets and liabilities filed in connection with its bankruptcy proceedings the company identified accounts receivable of $429,317. Upon information and belief, Safeco has been collecting accounts receivable on bonded projects. Safeco, however, has provided Defendants with no information concerning the collection of those accounts receivable to date, despite several requests therefore.

Finally, Safeco's counsel had indicated that Safeco would forbear under the Indemnity Agreement if Mr. DeMatos cooperated with Safeco in addressing the underlying claims.

Despite Mr. DeMatos' complete cooperation, Safeco nevertheless filed this suit.  See Defendant's Answer to Motion for Issuance of a Preliminary Injunction, Exhibit B.

At this time, it is premature to conclude that Safeco can establish a likelihood of success on the merits.  Therefore, Safeco's motion for a preliminary injunction must be denied.

### IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court deny Safeco's motion for issuance of a preliminary injunction, and that they have such other and further relief as is just and equitable.

Respectfully submitted,

FITZPATRICK LENTZ & BUBBA, P.C.

Date:    August 29, 2002            By:_____/S/_____

Douglas J. Smillie
4001 Schoolhouse Lane
 P.O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA | : :  CIVIL ACTION No. 02-CV-2899 (BWK) : |
| v. | : : |
| DEMATOS ENTERPRISES, INC., et al. | : |

### CERTIFICATE OF SERVICE

I, DOUGLAS J. SMILLIE, hereby certify that a true and correct copy of the Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Issuance of a Preliminary Injunction has been filed electronically and is available for viewing and downloading from the ECF System. In addition, a true and correct copy was served upon counsel for Plaintiff at the following address, by regular U.S. Mail, postage prepaid, upon the following:

Kevin T. Fogerty, Esquire
Mill Run Office Center
1275 Glenlivet Drive
Suite 150
Allentown, PA 18106

FITZPATRICK LENTZ & BUBBA, P.C.

Dated:   August 29, 2002          By:_____/S/_____
                                  Douglas J. Smillie
                                  4001 Schoolhouse Lane
                                  P.O. Box 219
                                  Center Valley, PA 18034-0219
                                  (610) 797-9000