UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| DEMATOS ENTERPRISES, INC., JOACQUIM | : | CIVIL ACTION |
| DEMATOS, DONNA DEMATOS, MARIA | : | |
| DEMATOS, ELIZABETH DEMATOS GRYS, | : | No. 02-CV-2899 (BWK) |
| and CHRISTOPHER PAUL GRYS | : | |
| | : | |
| **Defendants.** | : | |

PLAINTIFF SAFECO INSURANCE COMPANY OF
AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1.      This civil action is a collection case, brought to recover monies owed under a

General Indemnification Agreement ("the Indemnity Agreement"), executed by four of the six

Defendants, being DeMatos Enterprises, Inc., Joacquim DeMatos, Donna DeMatos and Maria

DeMatos (hereafter "the Indemnitor Defendants").

2.      Plaintiff Safeco Insurance Company of America ("Safeco") asserted three claims

in its First Amended Complaint:

Count I - For the liability of the Indemnitor Defendants under the

Indemnity Agreement they signed; Safeco seeks herein not only a money

judgment, but also specific performance by the Indemnitor Defendants, under

language in the Indemnity Agreement, requiring them to deposit with Safeco

sufficient monies to cover Safeco's payments on and reserves for claims, costs

rm:ktf/C:\staging\3E2DC68D-433F-184F09\in\3E2DC68D-433F-184F09.doc 9/28/02

and expenses reimbursable by the Indemnitor Defendants under the Indemnity

Agreement;

Count II - For a fraudulent conveyance, involving the transfer of Maria

DeMatos' house to her daughter and son-in-law, Elizabeth DeMatos Grys and

Christopher Grys, that claim being brought under Section 5104(a)(1) of the

Pennsylvania Uniform Fraudulent Transfers Act (hereafter "UFTA"), 12

Pa.C.S.A. Sections 5104(a)(1), 5107 and 5018; and

Count III - An additional fraudulent conveyance claim, based on the same

transfer of real estate, brought under Section 5105(a)(1) of the UFTA, 12 Pa.

C.S.A. Section 5105(a)(1).

3.    Safeco is filing this Motion for Partial Summary Judgment, seeking: (a) entry of

judgment on liability in its favor, and against the three Indemnitor Defendants, under Count I of

the First Amended Complaint; (b) entry of judgment for $899,419.76, representing losses/

expenses incurred and monies expended to date (including recoverable interest thereon at 6% per

year), by Safeco on Bonds it issued for the benefit of DeMatos Enterprises, Inc., those damages

being recoverable pursuant to the unambiguous language in the Indemnity Agreement executed

by the Indemnitor Defendants, and under Count I of the First Amended Complaint and; (c) entry

of an Order directing and compelling the Indemnitor Defendants to deliver to Safeco, within five

(5) days of the date of this Court's Order, the sum of $999,419.76, a portion of which

($899,419.76) is to serve as collateral/security for Safeco's damages, losses, fees and expenses

incurred to date (including recoverable interest at 6% per year) by Safeco, and the balance of

which ($100,000.00) is to be used by Safeco as a reserve against still outstanding claims, and

2

rm:ktf/C:\staging\3E2DC68D-433F-184F09\in\3E2DC68D-433F-184F09.doc 9/28/02

future fees, costs and expenses, for all of which Safeco is entitled to reimbursement under the Indemnity Agreement.

4.    It is undisputed that the four Indemnitor Defendants signed the Indemnity Agreement. It is also undisputed that Safeco issued Bonds for construction projects on which the contractor was DeMatos Enterprises, Inc., and that DeMatos Enterprises, Inc. defaulted on those projects, as a result of which numerous claims have been made against Safeco on the Bonds it issued. (See Plaintiff's First Amended Complaint, and Defendants' Answer and Affirmative Defenses, Paragraph 1-6, 9, 11, 12, 14 and 15; copies attached hereto as Exhibits "A" and "B" respectively.)

5.    It is undisputed under the plain and unambiguous language of the Indemnity Agreement that the Indemnitor Defendants are liable for all damages, losses and costs incurred and sustained by Safeco in connection with the Bonds Safeco issued for the benefit of, and/or at the request of, DeMatos Enterprises, Inc. following the Indemnitor Defendants' execution of the Indemnity Agreement.

6.    Safeco has produced direct and incontrovertible proof of its damages, losses, fees and expenses which are recoverable under the clear language of the Indemnity Agreement. (See Declaration of Ira E. Sussman, Esquire, the original of which is attached as Exhibit "C" to this Motion for Partial Summary Judgment.) Moreover, the Indemnity Agreement contains specific language giving deference to Safeco's documentation of its recoverable damages and losses under the Indemnity Agreement:

> 4. An itemized statement of loss and expense incurred by Surety [Safeco], sworn to by an officer of Surety, *shall be prima facie evidence* of the fact and extent of the liability of Undersigned [the Indemnitor Defendants] to Surety and any claim or suit by Surety against Undersigned. *(emphasis added)*

3

rm:ktf/C:\staging\3E2DC68D-433F-184F09\in\3E2DC68D-433F-184F09.doc 9/28/02

7.      According to the Declaration of Ira E. Sussman, Esquire, particularly the two

exhibits attached to that Declaration, Safeco has to date sustained the following damages and

losses:

| DESCRIPTION | AMOUNT |
|---|---|
| Amount Paid to Date on Payment Bonds ("Total Amount PBC Paid to Date" on Exhibit "A" to Ira E. Sussman Declaration) | $612,552.23 |
| Amount Paid to Date on Performance Bonds ("Completion Costs Paid to Date" on Exhibit "A" to Ira E. Sussman Declaration) | 127,517.50 |
| Attorney's Fees and Costs Billed to Date (See summary sheets attached as part of Exhibit "A" to Ira E. Sussman Declaration) | 147,051.50 |
| Recoverable Interest (through November 20, 2002) on payments made to date | 12,298.53 |
| Total Recoverable Damages and Losses through November 20, 2002 | $899,419.76 |

8.      Safeco may in the future collect outstanding receivables (payments from the

owners) on some of the construction projects for which it issued Bonds; however, as of the date

of the filing of this Motion, Safeco has not collected any such monies.  Nonetheless, if Safeco

collects any such receivables before the Court rules on the Motion for Partial Summary

Judgment-- Safeco at this point estimates the maximum possible amount would be $396,299.06,

but there is a possibility setoffs or deductions may be asserted against that amount, which

(although Safeco does not acknowledge or admit the validity of any such setoffs or deductions)

could possibly reduce the collectable receivables--, Safeco will file a Supplemental Declaration

advising the Court of the receipt of any such monies.  If any receivables are collected after entry

rm:ktf/C:\staging\3E2DC68D-433F-184F09\in\3E2DC68D-433F-184F09.doc 9/28/02

of judgment in Safeco's favor, and after the Indemnitor Defendants' compliance with this Court's Order granting the relief requested herein, Safeco will return a corresponding amount to the Indemnitor Defendants.

9.      There are no material issues of disputed fact which preclude or prevent entry of partial summary judgment in Safeco's favor, and against the Indemnitor Defendants, for: (a) liability on Count I of Safeco's First Amended Complaint; (b) compensatory damages incurred/sustained to date under Count I of that First Amended Complaint in the amount of $899,419.76, representing losses, claims, fees, costs and expenses incurred to date by Safeco (including recoverable interest thereon through November 20, 2002) in connection with the Bonds it issued on construction projects at which DeMatos Enterprises, Inc. defaulted, plus interest after November 20, 2002 at $145.83 per day ($887,121.23 at 6% per annum divided by 365 days/year); (c) the liability of the Indemnitor Defendants to pay into reserve with Safeco an additional sum of $100,000.00, for pending but not-yet-paid claims under Safeco's Bonds, and for future attorneys', investigative and consultants' fees, costs and expenses; and (d) for Defendants to deliver to Safeco, the sum of $999,419.76, to serve as collateral/security for the aforesaid judgment amount and the $100,000.00 reserve amount.

10.      Based on the foregoing, Safeco is entitled to entry of partial summary judgment pursuant to Fed.R.Civ.P. 56.

WHEREFORE, Plaintiff, Safeco Insurance Company of America, requests entry of partial summary judgment in its favor (a) for liability under Count I of its First Amended Complaint, against Defendants, DeMatos Enterprises, Inc., Joacquim DeMatos, Donna DeMatos and Maria DeMatos; (b) for judgment on that Count I claim in the amount of $899,419.76 (which includes interest at six (6%) percent per annum from the date on which each payment was made

rm:ktf/C:\staging\3E2DC68D-433F-184F09\in\3E2DC68D-433F-184F09.doc 9/28/02

by Safeco up through November 20, 2002) (all as set forth as part of Exhibits "A" and "B"

attached to the Declaration of Ira E. Sussman, Esquire, a copy of that Declaration being attached

as Exhibit "A" to this Motion), plus continuing interest at $145.83 per day from and after

November 20, 2002; and (c) authorizing and directing the establishment of a reserve of an

additional $100,000.00 for pending claims and future attorneys', investigative and consultants'

fees, costs and expenses; (d) directing and compelling the Indemnitor Defendants to deliver the

sum of $999,419.76 to Safeco, within five (5) days from the date of this Order, as a collateral

security for the aforesaid judgment and reserve amounts; and (e) reserving to Safeco the right to

make and submit claims for additional claims and recoverable damages, including continuing

interest on payments previously made, and interest on future payments.


Respectfully submitted,

LAW OFFICES OF KEVIN T. FOGERTY

By:_____
     Kevin T. Fogerty, Esquire
     Attorneys for Plaintiff,
     Safeco Insurance Company of America

rm:ktf/C:\staging\3E2DC68D-433F-184F09\in\3E2DC68D-433F-184F09.doc 9/28/02

# CERTIFICATE OF SERVICE

I, Kevin T. Fogerty, Esquire, counsel for Plaintiff, Safeco Insurance Company of

America in this proceeding, hereby state and certify that on Friday, December 6, 2002, I served

by first-class mail, a true and correct copy of Plaintiff, Safeco Insurance Company of America

Motion for Partial Summary Judgment, upon the following:

Douglas Smillie, Esquire
Fitzpatrick, Lentz & Bubba, P.C.
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034-0219
*Attorneys for Defendants*
*Joacquim DeMatos, Donna DeMatos and Maria DeMatos*
*Elizabeth DeMatos Grys and Christopher Paul Grys*

Date:   December 6, 2002              _____

                                      Kevin T. Fogerty, Esquire