UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEMATOS ENTERPRISES, INC., JOACQUIM | : | CIVIL ACTION |
| DEMATOS, DONNA DEMATOS, MARIA | : | |
| DEMATOS, ELIZABETH DEMATOS GRYS, | : | No. 02-CV-2899 (BWK) |
| and CHRISTOPHER PAUL GRYS | : | |
| | : | |
| Defendants. | : | |


MEMORANDUM OF LAW FILED IN SUPPORT
OF PLAINTIFF SAFECO INSURANCE COMPANY OF
AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## I.  HISTORY OF THE CASE

Plaintiff, Safeco Insurance Company of America (hereafter "Plaintiff" or "Safeco")

initiated this civil action by Complaint filed on May 14, 2002.

Originally, there were three Defendants.  However, before those Defendants filed a

response to the Complaint, Safeco filed its First Amended Complaint.  In that pleading, Safeco

added three more Defendants (DeMatos Enterprises, Inc., Elizabeth DeMatos Grys and

Christopher Grys), and two more causes of action (both under the Pennsylvania Uniform

Fraudulent Transfers Act, 12 Pa.C.S.A. Section 5101 et seq).  Defendants then filed an Answer

and Affirmative Defenses to Safeco's First Amended Complaint, at which point the pleadings

were closed.

rm:ktf/C:\staging\3E359D5B-193F-081DCA\in\3E359D5B-193F-081DCA.doc 9/30/02

Based on admissions in Defendants' Answer, as well as uncontradictable prima facie damage information submitted by sworn Declaration, Safeco has filed a Motion for Partial Summary Judgment. In connection therewith, Safeco is filing this supporting Memorandum of Law.

## II. <u>STATEMENT OF FACTS</u>

The relevant facts underlying Safeco's Motion are straightforward and undisputed.

The Plaintiff, Safeco, is in the business of, among other things, issuing surety Bonds (Performance Bonds and Payment Bonds) for construction projects. (Plaintiff's First Amended Complaint, Paragraphs 1 and 9; Defendants' Answer and Affirmative Defenses, Paragraphs 1 and 9).

Defendant, DeMatos Enterprises, Inc., is a Pennsylvania corporation engaged in the construction business, whose principal is Joacquim DeMatos. (<u>Id</u>., Paragraphs 2 and 6).

On December 9, 1998, DeMatos Enterprises, Inc., Joacquim DeMatos, Donna DeMatos and Maria DeMatos (Joacquim DeMatos' mother) signed a General Agreement of Indemnity (hereafter "the Indemnity Agreement") for Safeco's benefit. (<u>Id</u>., Exhibit "A"). Under that document they agreed to reimburse Safeco, on demand, for all losses, costs, expenses, fees, etc. incurred by Safeco, arising out of or resulting from Safeco's issuance of Bonds securing DeMatos Enterprises, Inc.'s performance at construction projects.

During 1998, DeMatos Enterprises, Inc. by and through Joacquim DeMatos, requested that Safeco issue Bonds to guarantee (a) DeMatos Enterprises, Inc.'s performance under contracts it had entered into, or was about to enter into for various construction projects, and (b) payment of labor and material claims relating to those projects. (<u>Id</u>., Paragraph 11). In reliance

rm:ktf/C:\staging\3E359D5B-193F-081DCA\in\3E359D5B-193F-081DCA.doc 9/30/02

on the Indemnitor Defendants' execution of the Indemnity Agreement, Safeco and/or its affiliated companies issued Payment and Performance Bonds on behalf of and/or for the benefit of DeMatos Enterprises, Inc., including Bond Nos. 5991536, 5991521, 6079741, 6079731, and 6079730.  (Id., Paragraph 14).

DeMatos Enterprises then defaulted on its contracts for these construction projects.  As a result, numerous claims and demands were made against Safeco on the Payment and Performance Bonds it had issued.  (Id., Paragraph 15).  As a consequence, Safeco has paid to date $740,069.73 on thirty (30) Payment Bond claims, and on claims on its Performance Bonds (costs to complete project); plus, Safeco has received additional claims-- not yet paid-- totaling $63,308.00.  Safeco has also incurred attorneys' fees and costs, and investigative costs, and consulting fees totaling $147,051.50, and Safeco estimates it will incur future legal, consulting and investigative fees and costs of approximately $37,000.00.[1]  Safeco is also entitled to interest at six (6%) percent per annum on payments it has made, and that interest totals $12,298.53 as of November 20, 2002, and is accruing thereafter at the rate of $145.83 per day.

The Indemnity Agreement executed by Joacquim DeMatos (individually and as President of DeMatos Enterprises, Inc.), Donna DeMatos, and Maria DeMatos, contains three clauses which are relevant to this Motion for Partial Summary Judgment.

> INDEMNITY TO SURETY: Undersigned [the Indemnitor Defendants] agree to pay to Surety upon demand:
>
> 1.    *All loss, costs and expenses of whatsoever kind and nature*, including court costs, reasonable attorney fees (whether Surety at its sole option elects to employ its

---

[1] The support and back-up for these figures are set forth in detail on Exhibits "A" and "B" attached to the Declaration of Ira E. Sussman, Esquire.

rm:ktf/C:\staging\3E359D5B-193F-081DCA\in\3E359D5B-193F-081DCA.doc 9/30/02

own attorney, or permits or requires Undersigned to make arrangements for Surety's legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by Surety by reason of having executed any Bond, or incurred by it on account of any Default under this Agreement by any of the Undersigned.

In addition, the Undersigned agree to pay to Surety interest on all disbursements made by Surety in connection with such loss, costs and expenses incurred by Surety at the maximum rate permitted by law calculated from the date of each disbursement:

2.    *An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond*;

3.    Any original, additional or renewal premium due for any bond.

With respect to claims against Surety:

1.    Surety shall have the exclusive right for itself and the Undersigned to determine in good faith whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed.

2.    Surety may incur such expenses, including reasonable attorney's fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.

3.    Surety's determination in good faith of the foregoing shall be final and conclusive upon the Undersigned.

4.    *An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned. (emphasis added)*

4

rm:ktf/C:\staging\3E359D5B-193F-081DCA\in\3E359D5B-193F-081DCA.doc 9/30/02

On July 8, 2002 Safeco's counsel made written demand on Defendants' counsel for the Indemnitor Defendants to immediately provide collateral to Safeco, as support for Defendants' indemnification and hold harmless obligations, and to provide pertinent financial information. (See Exhibit "A" attached to this Memorandum of Law.)  The Indemnitor Defendants refused to comply with this demand.  Safeco's counsel repeated this demand in a letter dated July 31, 2002. (See Exhibit "B" attached hereto).

When the Indemnitor Defendants and their counsel refused to respond in any meaningful way to Safeco's requests for financial information and collateral, Safeco's New Jersey counsel communicated with Defendants' counsel by telephone on August 7, 2002, renewing this request for information and collateral.  The substance of that telephone conversation was summarized in Jamie P. Claire, Esquire's August 8, 2002 letter, a copy of which is attached hereto as Exhibit "C."  It was later admitted by Defendants that at least one of them, Maria DeMatos, has substantial available monies (in excess of $650,000.00) to fund the Indemnitor Defendants' delivery-of-collateral and payment obligations under the Indemnity Agreement.

Pursuant to the above-quoted provisions of the Indemnity Agreement, Safeco has prepared and filed, through an exhibit/attachment to its Motion for Partial Summary Judgment, a Declaration containing uncontroverted information regarding (a) Safeco's damages, losses and expenses to date resulting from DeMatos Enterprises, Inc.'s defaults on various construction projects, and claims made against Safeco on the Bonds it issued for those projects/jobs, and (b) Safeco's reserve for future anticipated losses.

There are presently no material disputed issues of fact preventing entry of summary judgment in Safeco's favor and against the Indemnitor Defendants: (a) for liability under Count I

rm:ktf/C:\staging\3E359D5B-193F-081DCA\in\3E359D5B-193F-081DCA.doc 9/30/02

of Safeco's First Amended Complaint; (b) for the sum of $887,419.76, representing Safeco's

damages, losses and expenses incurred to date (including accrued interest of $12,298.53 through

November 20, 2002), which it is entitled to recover under the Indemnity Agreement, plus

continuing interest of $145.83 per day; and (c) delivery of the sum of $999,419.76 from the

Indemnitor Defendants to Safeco, to cover losses, fees, expenses and interest to date, and to

establish a $100,000.00 reserve for pending claims and future fees and costs.

## III.  QUESTION PRESENTED

ARE THERE ANY MATERIAL DISPUTED ISSUES OF FACT PREVENTING ENTRY OF
PARTIAL SUMMARY JUDGMENT FOR LIABILITY UNDER COUNT I OF SAFECO'S
FIRST AMENDED COMPLAINT, FOR DAMAGES COMPUTED TO DATE ON THAT
CLAIM, AND FOR THE INDEMNITOR DEFENDANTS TO BE OBLIGATED TO DELIVER
ADDITIONAL MONIES TO SAFECO TO FUND A RESERVE AGAINST FUTURE LOSSES
FOR WHICH SAFECO IS ENTITLED TO REIMBURSEMENT UNDER THE INDEMNITY
AGREEMENT?

Suggested Answer:    No.

## IV.  ARGUMENT

A.    _Standard applicable to a Rule 56 Motion for Summary Judgment_ -

> Rule 56 of the Federal Rules of Civil Procedure provides that a
> moving party is entitled to summary judgment "if the pleadings,
> depositions, answers to interrogatories and admissions on file
> together with the affidavits, if any, show that there is no genuine issue
> as to any material fact and that the moving party is entitled to a
> judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party
> bears the initial burden of demonstrating the absence of any genuine
> issue of material fact, though the non-moving party must make a
> showing sufficient to establish the existence of each element of his
> case on which he will bear the burden of proof at trial. Celotex Corp.
> v. Catrett 477 U.S. 317
> 323 106 S.Ct. 2548 91 L.Ed.2d 265 (1986).  The standard for granting
> summary judgment under Rule 56 "mirrors the standard for a directed
> verdict under Federal Rule of Civil Procedure 50(a) which is that the
> trial judge must direct a verdict if, under the governing law, there can

rm:ktf/C:\staging\3E359D5B-193F-081DCA\in\3E359D5B-193F-081DCA.doc 9/30/02

be one reasonable conclusion as to the verdict."  Anderson v. Liberty
Lobby Inc. 477 U.S. 242 250 106 S.Ct. 2505 9 L.Ed.2d202 (1986).
<u>Huang v. BP Amoco Corporation</u> 271 F.3d 560 564 (3d.Cir.2001)

*B.    There are no disputed material issues of fact as to the Indemnitor Defendants' liability
under Count I, and as to the damages and losses sustained by Safeco, and for delivery of monies
to Safeco as a reserve against future claims, losses and expenses.*

         In their Answer filed in response to Safeco's First Amended Complaint, Defendants have

admitted: (a) that the Indemnity Agreement they signed speaks for itself; (b) that they signed the

Indemnity Agreement before Safeco issued any Bonds at the request of DeMatos Enterprises,

Inc.; (c) that Safeco issued various Bonds to secure the performance of DeMatos Enterprises,

Inc.'s obligations in connection with various construction projects; and (d) that DeMatos

Enterprises, Inc. defaulted under its contracts for those construction projects. (Safeco's First

Amended Complaint, Paragraphs 1 through 6, 9, 11, 13, 14 and 15; and Exhibit "A").[2]    As such,

the Indemnitor Defendants' liability under the clearly worded Indemnity Agreement, for the

damages and losses sustained/incurred to date by Safeco, and for establishment of a sufficient

reserve, cannot be questioned.

         In that regard, Safeco has submitted the Declaration of Ira E. Sussman, Esquire.[3]    The

statements in that Declaration-- and the information on the exhibits attached thereto-- show that

Safeco has incurred, and is entitled to recover, losses, damages, expenses and interest to date

totaling $889,419.76 by reason of the Bonds it issued and DeMatos Enterprises' defaults, plus it

---

[2] For the Court's convenience, copies of the First Amended Complaint, and the Defendants'
Answer and Affirmative Defenses filed in response, are attached as Exhibits "A" and "B" to
Safeco's Motion for Partial Summary Judgment.
[3] See Exhibit "C" to Safeco's Motion for Partial Summary Judgment.

rm:ktf/C:\staging\3E359D5B-193F-081DCA\in\3E359D5B-193F-081DCA.doc 9/30/02

needs an additional $100,000.00 in reserve for future losses.  These damages and losses consist

of the following:

| DESCRIPTION | AMOUNT |
|---|---|
| Amount Paid to Date on Payment Bonds ("Total Amount PBC Paid to Date" on Exhibit "A" to Ira E. Sussman Declaration) | $612,552.23 |
| Amount Paid to Date on Performance Bonds ("Completion Costs Paid to Date" on Exhibit "A" to Ira E. Sussman Declaration) | 127,517.50 |
| Attorney's Fees and Costs Billed to Date (See summary sheets attached as part of Exhibit "A" to Ira E. Sussman Declaration) | 147,051.50 |
| Recoverable Interest (through November 20, 2002) on payments made to date | 12,298.53 |
| Total Recoverable Damages and Losses through November 20, 2002 | $899,419.76 |

C.     *Case law supports entry of partial summary judgment relief for Safeco.*

This Court's attention is respectfully directed to the fairly recent Memorandum Opinion

in the case of United States Fidelity & Guaranty v. Feibus, 15 F.Supp.2d 579 (M.D.Pa. 1998)

(copy attached hereto as Exhibit "D").

In Feibus, the plaintiff/surety sought summary judgment for monies owed under a Master

Surety Agreement (the equivalent of an Indemnity Agreement, such as the one signed by the

Indemnitor Defendants), for monies paid on claims asserted under Bonds issued by the surety.

The surety argued it was entitled to summary judgment because it was undisputed the defendants

rm:ktf/C:\staging\3E359D5B-193F-081DCA\in\3E359D5B-193F-081DCA.doc 9/30/02

had signed the Master Surety Agreement; in addition, the surety submitted sworn Declarations of its claim handlers attesting to the payments made by the surety on Bonds it had issued.

The District Court agreed completely with the surety, concluding that summary judgment was appropriate given the defendants' undeniable execution of the Master Surety Agreement, combined with language in that Agreement known as a "prima facie evidence clause."  Under that provision, the surety's submission of evidence of payments, in the form of either vouchers or affidavits, was to be deemed prima facie proof that the payments had been made, and that the indemnitors were liable to the surety for those amounts.  The court in Feibus noted that the submission of vouchers or affidavits pursuant to a prima-facie-evidence clause shifts to the defendant the burden of proof under Rule 56 to raise a genuine issue of disputed material fact preventing entry of summary judgment, and that the defendant in that case had not done so.

The facts in the case at bar are virtually indistinguishable from Feibus.

The Indemnitor Defendants cannot deny signing the Indemnity Agreement.  They admit DeMatos Enterprises, Inc.'s default at various construction projects.  They admit Safeco had previously issued Bonds on which claims have been made against Safeco by owners, subcontractors and others.   Moreover, the DeMatos' Indemnity Agreement contains a prima-facie-evidence clause similar to that appearing in the Master Surety Agreement in Feibus.  Relying on that clause, Safeco has a submitted the Declaration of Ira E. Sussman, Esquire, attesting to and establishing the damages/losses, and interest thereon, incurred to date by Safeco ($889,419.76) on the five Bonds it issued, as well as the reserve ($100,000.00) established for future losses.

rm:ktf/C:\staging\3E359D5B-193F-081DCA\in\3E359D5B-193F-081DCA.doc 9/30/02

It should at this point be noted that, as stated in Paragraph 8 of Safeco's Motion for Partial Summary Judgment, there is the possibility Safeco may recover on accounts receivable outstanding on some of the projects for which it issued Bonds. To date however, Safeco has not received any money from those receivables; moreover, to the extent Safeco does at some point realize any recovery on those receivables, it will so advise the Court by filing a Supplemental Declaration. If any of those receivables are collected after entry of judgment in Safeco's favor, Safeco will stipulate to an appropriate reduction in the amount of the judgment, and if the Indemnitor Defendants have delivered more than sufficient monies to Safeco to be held as collateral for the losses, fees and expenses incurred to date, so that after collection of those receivables Safeco has more funds than required for the damages and losses incurred, plus its anticipated reserve, Safeco will stipulate to refund/return the corresponding amount to the Indemnitor Defendants.

In other words, since the Indemnity Agreement entitles Safeco to receive and hold collateral for losses incurred to date, plus anticipated losses, the mere possibility that Safeco may in the future recover on outstanding receivables should not deny or delay Safeco from being paid and allowed to hold that collateral, particularly since this Court can certainly direct that to the extent the collateral being held is substantially enhanced by any receivables collected, a corresponding amount of money can be released back to the Indemnitor Defendants.

Given the holding and the analogous facts of Feibus, it is respectfully submitted that Safeco is entitled to immediate entry of partial summary judgment for liability under Count I of Safeco's First Amended Complaint, for compensatory damages in the amount of $889,419.76 (representing Safeco's damages, losses, expenses and recoverable interest incurred to date for

rm:ktf/C:\staging\3E359D5B-193F-081DCA\in\3E359D5B-193F-081DCA.doc 9/30/02

which it is entitled to recovery under claim alleged in Count I), and for issuance of an Order

directing the Indemnitor Defendants to deliver the sum of $999,419.76 to Safeco, $889,419.76 of

which is for the losses, fees, expenses and interest to date, and $100,000.00 of which is to

established a reserve for pending claims and for future fees and costs.

## V.  CONCLUSION

For all the foregoing reasons, Safeco's Motion for Partial Summary Judgment should be

granted in its entirety, and the Order attached as Exhibit "D" to that Motion entered by the Court.


LAW OFFICES OF KEVIN T. FOGERTY

By:_____
       Kevin T. Fogerty, Esquire
       Attorneys for Plaintiff,
       Safeco Insurance Company of America

Of Counsel:
Michael S. Meisel, Esquire
Cole, Schotz, Meisel,
Forman & Leonard, P.A.
Court Plaza North
25 Main Street
Hackensack, NJ 07601
201-489-3000

## CERTIFICATE OF SERVICE

I, Kevin T. Fogerty, Esquire, counsel for Plaintiff, Safeco Insurance Company of America in this proceeding, hereby state and certify that on Friday, December 6, 2002, I served by first-class mail, a true and correct copy of Plaintiff, Safeco Insurance Company of America's Memorandum of Law in Support of its Motion for Partial Summary Judgment, upon the following:

Douglas Smillie, Esquire
Fitzpatrick, Lentz & Bubba, P.C.
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034-0219
*Attorneys for Defendants*
*Joacquim DeMatos, Donna DeMatos and Maria DeMatos*
*Elizabeth DeMatos Grys and Christopher Paul Grys*


Date:  December 6, 2002          _____

                                 Kevin T. Fogerty, Esquire