IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA | : : : | CIVIL ACTION No. 02-CV-2899 (BWK) |
| v. | : : : | |
| DEMATOS ENTERPRISES, INC., et al. | : | |

**RESPONSE OF DEFENDANTS, JOAQUIM DEMATOS, DONNA DEMATOS AND MARIA DEMATOS TO PLAINTIFF SAFECO INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, Joaquim DeMatos, Donna DeMatos and Maria DeMatos, by and through their undersigned counsel, Fitzpatrick Lentz & Bubba, P.C., submit this Memorandum of Law in Response to Plaintiff's Motion for Partial Summary Judgment.

**I.    INTRODUCTION**

Safeco Insurance Company of America ("Safeco") filed a Complaint against certain of the Defendants on or about May 14, 2002. Thereafter, Safeco filed an Amended Complaint, adding as Defendants Elizabeth DeMatos Grys and Christopher Paul Grys and DeMatos Enterprises, Inc. All Defendants filed an Answer to the Amended Complaint on or about July 31, 2002.

On October 17, 2002, the Court issued a Scheduling Order providing that discovery shall be completed by January 22, 2003. Dispositive motions are to be filed by February 21, 2003. The case is to be placed in the Court's trial pool on Friday, April 18, 2003.

On December 6, 2002, Safeco served a motion for partial summary judgment. The motion seeks partial summary judgment against only certain of the Defendants. This response is

filed on behalf of Joaquim DeMatos, Donna DeMatos and Maria DeMatos (hereinafter collectively referred to as the "Individual Indemnitor Defendants").

II.     **SUMMARY OF FACTUAL BACKGROUND**

DeMatos Enterprises, Inc. ceased operations and filed a petition under Chapter 7 of the Bankruptcy Code on or about February 19, 2002. As a result of the bankruptcy, and because of the default on the part of DeMatos Enterprises, Inc. with respect to certain construction projects in which the company had been engaged, Safeco, which had issued certain payment and performance bonds on behalf of DeMatos Enterprises, Inc., has paid claims and incurred expenses, for which it contends the Individual Indemnitor Defendants are liable under a certain indemnity agreement. The Individual Indemnitor Defendants do not dispute that they signed the document entitled General Agreement of Indemnity on or about December 9, 1998 ("Indemnity Agreement"), which is attached as Exhibit A to the Complaint.

Safeco's claims in this litigation can be summarized as a fairly straight forward breach of contract claim under the Indemnity Agreement, coupled with two fraudulent transfer claims asserted under the Pennsylvania Uniform Fraudulent Transfer Act. The fraudulent transfer claims relate to Defendant Maria DeMatos' transfer of real estate to her daughter and son-in-law. It is alleged that the transaction was either actually or constructively fraudulent as to Safeco. Defendants have denied liability. No issues concerning the fraudulent transfer claims are before the Court in connection with the instant motion for partial summary judgment.

In the instant motion, Safeco contends that it has expended $740,069.73 on payment bond and performance bond claims. In addition, Safeco asserts that it has received additional claims totaling $63,308. Safeco also asserts that it has incurred attorneys' fees and costs, investigative costs and consulting fees totaling $147,051.50, and estimates that it will incur additional fees and

costs of approximately $37,000.  Finally, Safeco contends that it is entitled to interest at the rate of 6% per annum on payments it has made, which interest it contends totals $12,298.53 as of November 20, 2002, which accrues thereafter at the rate of $145.83 per day.

At the same time, Safeco concedes that it may collect accounts receivable with respect to DeMatos Enterprises, Inc. projects.  Safeco "estimates" the maximum possible recovery to be $396,299.06.

In seeking partial summary judgment, Safeco has asked the Court to enter judgment in its favor establishing the liability of the Individual Indemnitor Defendants under Count I of the First Amended Complaint.  Safeco next requests that judgment be entered against them in the amount of $899,419.76.  Safeco also wishes the Court to authorize and direct the establishment of a "reserve" of an additional $100,000 for pending claims and future costs.  Safeco then requests that the Court direct and compel the Individual Indemnitor Defendants to deliver the sum of $999,419.76 to Safeco, within five (5) days of the date of such an Order, as "collateral security" for the judgment.  Finally, Safeco asks of the Court that it be permitted to reserve its right to make and submit claims for additional damages in this case.

On August 16, 2002, Safeco had filed a motion for issuance of a preliminary injunction.  At that time, Safeco sought similar relief.  Specifically, Safeco requested that the Court order the Defendants to create a collateral security account in an amount sufficient to protect Safeco against any losses it might incur under the performance and payment bonds.  Defendants opposed that request and, on the eve of the hearing on the motion for preliminary injunction, Safeco withdrew its motion for preliminary injunction.

III.  **ARGUMENT**

    A.  **Standard of Review**

The summary judgment practice is governed by Federal Rule of Civil Procedure 56. Rule 56(c) provides in part that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56.

Summary judgment is appropriate when the record demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Sempier v. Johnson & Higgins, 45 F.3d 724, 727 (3d Cir. 1995); Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the Court should not weigh the evidence. Anderson, 477 U.S. at 255. The Court's sole function is to determine if there are any disputed facts and, if there are, to determine whether the dispute is both genuine and material. Id. at 248. Only disputes over facts that would affect the outcome of the claim under applicable law can properly preclude the entry of summary judgment. Id. Rule 56 mandates the entry of summary judgment when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In order to survive a summary judgment motion, the non-moving party must raise more than a mere scintilla of evidence in its favor and may not merely rely upon unsupported assertions, conclusory allegations, or mere suspicions." Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989) (quoting Anderson, 477 U.S. at 249); See Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981); Maher v. Associated Services for the Blind, 929

F.Supp. 809, 811 (E.D. Pa. 1996)).  Rather, the non-moving party must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." Williams, 891 F.2d at 460.

At the same time, all facts are reviewed in the light most favorable to the non-moving party and all reasonable inferences from the facts must be drawn in favor of that party as well. Waldron v. SL Industries, Inc., 56 F.3d 491, 496 (3d Cir. 1995); United States v. Richlyn Laboratories, Inc., 822 F. Supp. 268, 271 (E.D. Pa. 1993).

### B.  Plaintiff's Motion is Premature

By its very nature, it is evident that Plaintiff's motion is premature.  As the Court can discern from Plaintiff's motion, the process of concluding the claims against DeMatos Enterprises, Inc., and of pursuing the claims DeMatos Enterprises, Inc. holds, has not yet been concluded.  Safeco's motion for partial summary judgment discloses that it estimates that it is likely to recover accounts receivable in the amount of $396,299.06.  (Motion for Summary Judgment ¶8).  In order to address this likelihood, Safeco proposes that it file a "supplemental declaration," advising the Court of the receipt of such funds.  Safeco then proposes that it will return an amount to the Individual Indemnitor Defendants equivalent to what is recovered, assuming that the Individual Indemnitor Defendants have established the collateral security escrow account in the amount of almost one million dollars.  This proposal is unprecedented and improper.  Rather than engaging in such a complicated mechanism, the Court should allow Safeco an opportunity to attempt to recover the accounts receivable and determine a "final" balance which it contends is due.  Thereafter, that balance can be addressed through this litigation.  For this reason, Safeco's motion for partial summary judgment is premature and should be denied.

Safeco relies upon the case of United States Fidelity & Guaranty Co. v. Feibus, 15 F. Supp. 2d 579 (M.D. Pa. 1998), aff'd 185 F.3d 864 (3d Cir. 1999) in support of its position. In Feibus, the defendants had asserted that the surety acted in bad faith in paying claims. The Individual Indemnitor Defendants do not make such a claim in this case. At the same time, there is no indication in the Feibus case that the surety had conceded that it was likely to recover additional accounts receivable in the future. No such facts are present in Feibus. Unlike Feibus, Safeco's motion in this case is somewhat premature and should therefore be denied.

C.   **Safeco's Motion Seeks the Entry of an Order yet does not Demonstrate that the Individual Indemnitor Defendants are Capable of Complying with such Order**

Safeco's motion for partial summary judgment, and the proposed Order submitted therewith indicate that Safeco intends that the Individual Indemnitor Defendants shall "deposit with Safeco the sum of $999,419.76 as collateral security against damages and losses for which judgment is being entered under this Order and for the reserve amount to which Safeco is entitled." At the same time, Safeco has not demonstrated that the Individual Indemnitor Defendants are capable of posting such a significant amount of money. The risk to the Individual Indemnitor Defendants is that, should the proposed Order be entered, and they are incapable of complying, they may be in violation of a Court Order with which they are unable to comply. Thus, they risk contempt, yet Safeco has failed to demonstrate that the Individual Indemnitor Defendants can purge themselves of any such contempt.

In many respects, Safeco's motion for summary judgment is not dissimilar to its earlier motion for preliminary injunction, in which it sought to require the Defendants to escrow funds for payment of any judgment which Safeco may eventually obtain. The United States Supreme Court has recognized that a federal court has no authority generally to "freeze" a defendant's

funds to help ensure satisfaction of a judgment should the plaintiff prevail on the underlying legal claim. See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 119 S. Ct. 1961, 144 L.Ed.2d 319 (1999). Presumably, it was in recognition of this principle that Safeco withdrew its earlier motion for preliminary injunction.

Because the motion potentially creates a situation where the Individual Indemnitor Defendants could be in contempt for failure to comply with an Order, with which they were incapable of complying, the motion should be denied.

## IV.   CONCLUSION

Although the Individual Indemnitor Defendants acknowledge their ultimate liability under the Indemnity Agreement, as they must, by its own admission, Safeco has not yet completed the process of resolving the claims of and against DeMatos Enterprises, Inc. The extent of that liability remains an open question. By Safeco's own calculations, it is likely to recover an additional $396,299.06. This recovery would substantially reduce the liability of the Individual Indemnitor Defendants. Under the Indemnity Agreement, the right to collect such accounts was assigned to Safeco. The Individual Indemnitor Defendants believe that Safeco will pursue recovery of such amounts in good faith. However, until that, and any other potential assets assigned to Safeco have been evaluated and recovered upon, it would be premature for the Individual Indemnitor Defendants to suffer the entry of a judgment against them. The fact that Safeco has acknowledged is ability to recover such sums further militates against the entry of summary judgment at this time.

For the foregoing reasons, the Individual Indemnitor Defendants respectfully request that the Court not grant Safeco's motion for partial summary judgment, and that they have such other and further relief as is just and equitable.

                                                  Respectfully submitted,

                                                  FITZPATRICK LENTZ & BUBBA, P.C.

Date:   January 3, 2003                    By:_____/S/_____
                                                    Douglas J. Smillie
                                                    4001 Schoolhouse Lane, P.O. Box 219
                                                    Center Valley, PA 18034-0219
                                                    (610) 797-9000
                                                    Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA | : :  CIVIL ACTION No. 02-CV-2899 (BWK) : |
| v. | : : |
| DEMATOS ENTERPRISES, INC., et al. | : |

### CERTIFICATE OF SERVICE

I, DOUGLAS J. SMILLIE, hereby certify that a true and correct copy of the Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Issuance of a Preliminary Injunction has been filed electronically and is available for viewing and downloading from the ECF System. In addition, a true and correct copy was served upon counsel for Plaintiff at the following address, by regular U.S. Mail, postage prepaid, upon the following:

Kevin T. Fogerty, Esquire
Mill Run Office Center
1275 Glenlivet Drive
Suite 150
Allentown, PA 18106


FITZPATRICK LENTZ & BUBBA, P.C.


Dated:   January 3, 2003          By:_____/S/_____
                                          Douglas J. Smillie
                                          4001 Schoolhouse Lane
                                          P.O. Box 219
                                          Center Valley, PA 18034-0219
                                          (610) 797-9000

9