UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | No. 02-CV-2899 (BWK) |
| DEMATOS ENTERPRISES, INC., JOACQUIM : | |
| DEMATOS, DONNA DEMATOS, MARIA : | |
| DEMATOS, ELIZABETH DEMATOS GRYS, : | |
| CHRISTOPHER PAUL GRYS, : | |
| : | |
| Defendants. : | |

**REPLY MEMORANDUM FILED ON
BEHALF OF PLAINTIFF, SAFECO INSURANCE COMPANY OF
AMERICA IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I. INTRODUCTION**

Safeco Insurance Company of America ("Safeco") filed a Motion for Partial Summary Judgment on December 6, 2002.

Defendants' response was due by December 27, 2002, but, at Defendants' counsel's request, Safeco's counsel agreed to an extension to January 3, 2002.

Safeco's counsel received Defendants' counsel's Brief by mail on Monday, January 6, 2003. Safeco is filing this Reply Memorandum for the limited purpose of addressing the three points raised by Defendants in their Brief.

**II. ARGUMENT**

A.   There is nothing premature about Safeco's Motion.

Defendants first argue that Safeco's Motion for Partial Summary Judgment should be denied because the precise amount of Safeco's losses has not yet been determined, because the

rm:kc:ktf/C:\staging\3E2DAD43-6073-200786\in\3E2DAD43-6073-200786.doc - 01/08/03

exact final numbers are not in, so to speak, on the claims, damages, and losses resulting from DeMatos Enterprises, Inc.'s default on the five construction projects for which Safeco issued Payment and Performance Bonds. This contention is unavailing for two reasons.

First, Defendants' Brief is most noteworthy for what they do not argue or contend. In that regard, this Court is respectfully directed to the fact that nowhere in Defendants' Brief do they deny signing the General Indemnity Agreement, nor do they dispute:

    (a)    the defaults of DeMatos Enterprises, Inc. on the five construction projects;

    (b)    the numerous claims made against Safeco in connection with the Payment and Performance Bonds it issued on those projects, all at the request of DeMatos Enterprises, Inc.;

    (c)    Safeco's payment of substantial fees and costs as a result of claims being made on these Bonds;

    (d)    Safeco's expenditure to date of hundreds of thousands of dollars; and

    (e)    that the total loss to Safeco will be at or in excess of $1 Million, when the anticipated future expenses, plus the yet-to-be-paid claims, are added to the total claims and fees/expenses paid to date.

In other words, Defendants concede and do not challenge the existence and enforceability of the underlying contract, their breach of that contract, and the substantial damages Safeco has sustained as result of that breach.

Secondly, Defendants offer no plausible reason why Safeco is not entitled to *immediate* enforcement of the following contractual provision in the General Indemnity Agreement --entitling Safeco to make demand and be paid sufficient monies to collateralize the Indemnitor Defendants' reimbursement and payment obligations under that Indemnity Agreement--

rm:kc:ktf/C:\staging\3E2DAD43-6073-200786\in\3E2DAD43-6073-200786.doc - 01/08/03

irrespective of whether the projects are not completed, and/or all costs/damages have been precisely determined.

> INDEMNITY TO SURETY: Undersigned [the Indemnitor Defendants] agree to pay to Surety <u>upon</u> <u>demand</u>:
>
> 1. *All loss, costs and expenses of whatsoever kind and nature*, including court costs, reasonable attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires Undersigned to make arrangements for Surety's legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by Surety by reason of having executed any Bond, or incurred by it on account of any Default under this Agreement by any of the Undersigned.
>
> In addition, the Undersigned agree to pay to Surety interest on all disbursements made by Surety in connection with such loss, costs and expenses incurred by Surety at the maximum rate permitted by law calculated from the date of each disbursement:
>
> 2. *An amount sufficient to discharge any claim made against Surety on any Bond.  This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond*; . . .
> (emphasis added)

In light of this contract language, Safeco should not be required to wait --especially considering the holding in <u>United States Fidelity & Guaranty Co. v. Feibus</u>, 15 F. Supp. 2d 579 (M.D. Pa. 1998), <u>aff'd</u> 185 F. 3d 864 (3d Cir. 1999)-- until all of the defaulted construction projects are completely finished, and/or the final figures are tallied, and/or all receivables are collected, before it may seek and obtain the relief sought in its pending Motion.  Indeed, to deny relief on the theory that it is "premature," would deprive Safeco of its undisputed contract rights.  At the same time, it would reward the Indemnitor Defendants for their delaying tactics,

rm:kc:ktf/C:\staging\3E2DAD43-6073-200786\in\3E2DAD43-6073-200786.doc - 01/08/03

particularly in refusing to respond to Safeco's repeated requests/demands for delivery of funds to cover the substantial claims and fees/expenses paid by Safeco.

Defendants also fail to offer any meaningful reason why the Feibus holding is not directly on point with the case at bar.  Indeed, the only theories offered by Defendants to try to distinguish Feibus are that (a) the defendants in Feibus alleged that the surety had acted in bad faith when it paid certain claims (for which the surety was seeking recovery), and (b) the reported decision in Feibus does not indicate the surety "was likely to recover additional accounts receivable in the future." (Defendants' Brief, p. 6).  However, these two contentions are without merit for several reasons.

--  The fact that the surety in Feibus may have acted in bad faith --which the Defendants in the case at bar have not alleged as defense against Safeco, nor could they--, means the defendants in Feibus (against whom the Court held summary judgment was appropriate) were able to actually allege a substantive defense to the surety's Motion.  By contrast, the Defendants in the case at bar have not pleaded or offered evidence concerning any such defense.  So if summary judgment was justified and granted in Feibus --over a defense which was asserted in that case, but not in this one-- it is even more appropriate here.

--  The possibility that Safeco may recover in the future on accounts receivable should not and cannot prevent entry of the partial summary judgment sought by Safeco, for two reasons:

(a)  Even is Safeco recovers the absolute maximum possible receivables (which is $396,299.06), Safeco will still have lost a minimum of

rm:kc:ktf/C:\staging\3E2DAD43-6073-200786\in\3E2DAD43-6073-200786.doc - 01/08/03

> $603,120.70 (its losses to date, plus open claims and estimated future fees and costs, which total $999,419.76, less $396,299.06); and
>
> (b) The previously quoted unambiguous language of the General Indemnity Agreement entitles Safeco to receive and hold sufficient monies to cover outstanding claims and costs --as determined and demanded by Safeco-- *irrespective* of the possibility that receivables *may* later be collected. So the possibility of later-collected receivables is completely irrelevant to the enforcement of Safeco's current contract rights to collateralize its substantial losses.

There is no legal or logical reason why Safeco should be forced to wait until conclusion of the final trial of this case, for entry of an Order directing the Indemnitor Defendants to comply with the provisions of the Indemnity Agreement they signed. Safeco should not be at risk that the Indemnitor Defendants' dissipate or lose any of the substantial assets they presently hold -- such as Maria DeMatos' monies and investments (see Exhibit "A" attached hereto)--, particularly when Safeco's contractual right to recovery is clear, and the Indemnitor Defendants do not dispute that point in the Brief.

B.  It is irrelevant whether Defendants can or cannot comply with the summary judgment Order sought by Safeco.

The Indemnitor Defendants next argue that judgment should not be entered against them for Safeco's losses to date, and they should not be directed to fund their collateral obligations under the Indemnity Agreement, because they supposedly do not have the financial ability to do so.

This rationale fails for three reasons.

rm:kc:ktf/C:\staging\3E2DAD43-6073-200786\in\3E2DAD43-6073-200786.doc - 01/08/03

First, if a defendant/debtor's inability to pay was sufficient grounds to preclude entry of judgment, most debtors would be able to avoid the entry of judgments by simply claiming they cannot pay.  Hence, the novel position advocated by Defendants --that summary judgment should be delayed, because the Indemnitor Defendants do not have the money to honor the judgment, and/or to deliver the funds required to be escrowed-- is, not surprisingly, without precedent.

Secondly, it is far from clear that the Indemnitor Defendants do not, among the three of them, have sufficient monies and assets to provide all or a substantial portion of the amount demanded in Safeco's Motion.  Indeed, the July 31, 2002 Personal Financial Statement for Maria DeMatos confirms she alone has in excess of $675,000.00 sitting in bank accounts and liquid investments.[1]

Thirdly, Defendants' claimed fear of being immediately in contempt for not complying with Safeco's proposed Order is unfounded.  Under applicable case authority, the Indemnitor Defendants would be entitled to a hearing before they could be found in contempt.  See Gregory v. Depte, 896 F.2d 31, 34-35 (3d Cir. 1990) (civil contempt sanction must coerce or compensate, and must be based on an evidentiary record); Rowe v. Operation Rescue, 920 F. 2d 213, 217 (3d Cir. 1990) (a defendant is entitled to due process in connection with a civil contempt proceeding, which generally requires a hearing).  There is nothing preventing the Indemnitor Defendants from providing to the Court at the time of that hearing --if it comes to that-- whatever evidence they wish to offer on each one's financial ability to comply with that Order.

---

[1] A true and correct copy of that Personal Financial Statement is attached as Exhibit "A" to the Declaration taken by Kevin T. Fogerty, Esquire, the original of which is being filed with this Reply Memorandum, and a copy of which is, for the Court's convenience, attached hereto as Exhibit "A."

6

C.  The without-prejudice withdrawal of Safeco's previous Motion for Preliminary Injunction is irrelevant to whether Safeco's Motion for Partial Summary Judgment should be granted.

Defendants suggest Safeco's Motion should be denied because, five months ago, Safeco filed a Motion for Preliminary Injunction, which it withdrew shortly before the hearing scheduled on that Motion. However, Defendants' reference to that previous Motion is a red herring, and it should be disregarded for two reasons.

First, the burden-of-proof standards applicable to a Motion for Preliminary Injunction are very different from those under Federal Rule of Civil Procedure 56 for entry of summary judgment. Specifically, to obtain a preliminary injunction, a plaintiff must establish not only a clear right to relief, but also that immediate and irreparable harm will result if the Motion is not granted, the latter requirement having no applicability whatsoever to a Motion for Partial Summary Judgment. As such, Defendants' claim that Safeco's request for partial summary judgment "is not dissimilar to its earlier Motion for Preliminary Injunction" (Defendants' Brief, p. 6), is simply wrong. See e.g. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 93 F.2d 1056, 1063 (3d Cir. 1991) ("... the considerations that determine a motion for preliminary injunction are foreign to those that govern decision on a motion for summary judgment.")

Furthermore, the court in Feibus, supra, made it clear that once a plaintiff, such as Safeco, provides evidence of a breach and resulting losses pursuant to a prima-facie-evidence clause in an Indemnification Agreement, the burden of proof shifts to the defendant(s) to establish the existence of a material issue of fact preventing entry of summary judgment. The within Defendants have failed to meet that burden in the short Brief they filed in response to Safeco's Motion.

rm:kc:ktf/C:\staging\3E2DAD43-6073-200786\in\3E2DAD43-6073-200786.doc - 01/08/03

Secondly, Safeco withdrew its Motion for Preliminary Injunction ". . . without prejudice to Safeco's right to re-file the Motion if deemed necessary or appropriate, and without prejudice to Safeco's right to file any other pre-trial motions as it may deem appropriate." While Safeco would have preferred not to have to file this Motion for Partial Summary Judgment, it was left no choice, given the Indemnitor Defendants' continued refusal --despite repeated requests from Safeco's counsel-- to deliver to Safeco the substantial monies to which Safeco is entitled under the General Indemnity Agreement.

### III. CONCLUSION

Safeco should not be delayed one day longer from entry of an Order granting its Motion for Partial Summary Judgment, and compelling the Indemnitor Defendants to turn over the substantial monies in their possession, so Safeco receives the full benefit of the contract provisions to which the Indemnitor Defendants previously agreed. These Defendants should not be allowed to further procrastinate turning over those monies to Safeco, when they expressly agreed to do so by signing the General Indemnity Agreement, and when they have not referred this Court to a single issue of fact preventing entry of the partial summary judgment sought by Safeco.

Respectfully submitted,

LAW OFFICES OF KEVIN T. FOGERTY

By: _____
    Kevin T. Fogerty, Esquire
    Attorneys for Plaintiff, Safeco Insurance
    Company of America

## CERTIFICATE OF SERVICE

I, Kevin T. Fogerty, Esquire, counsel for Plaintiff, Safeco Insurance Company of America in this proceeding, hereby state and certify that on Friday, January 10, 2003, I served by first-class mail, a true and correct copy of this Reply Memorandum Filed on Behalf of Plaintiff, Safeco Insurance Company of America in Support of its Motion for Partial Summary Judgment, upon the following:

>Douglas Smillie, Esquire
>Fitzpatrick, Lentz & Bubba, P.C.
>4001 Schoolhouse Lane
>P.O. Box 219
>Center Valley, PA 18034-0219
>*Attorneys for Defendants*
>*Joacquim DeMatos, Donna DeMatos and Maria DeMatos*
>*Elizabeth DeMatos Grys and Christopher Paul Grys*

Date:  January 10, 2003

                                                   Kevin T. Fogerty, Esquire